**STATE of Texas, Appellant,**

v.

**Robert F. BROCK and Eugene Williams, Appellees.**

**Nos. 01–89–00766–CR, 01–89–00767–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 26, 1990.

Robert C. Bennett & Susan Spruce, Houston, for Brock.

William Burge, Houston, for Williams.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Asst., Ray Speece, Asst., Houston, for appellant.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The State appeals the dismissal of indictments against Robert F. Brock and Eugene Williams, appellees. Tex.Code Crim.P.Ann. art. 44.01(a)(1) (Vernon Supp.1990). We reverse and remand the cases for trial.

The State charged each appellee in two-count indictments, with theft and misapplication of fiduciary property that belonged to the Harris County Mental Health and Mental Retardation Authority (MHMRA), their employer. MHMRA is the complainant. Brock filed a motion to set aside and dismiss the indictment, alleging there was "no criminal conduct upon which to base an indictment." Brock attached three affidavits to his motion, which stated that he acquired funds from MHMRA lawfully, and that his conduct was not criminal. Williams adopted Brock's motion. The trial court granted the motions, and entered an order dismissing both indictments.

■ In its sole point of error, the State argues the trial court summarily ruled on the sufficiency of the evidence when it dismissed the indictments. Thus, the State argues, the trial court denied the State's right to a jury trial. The State asserts that appellees' motion was, in essence, a motion for summary judgment.[1]

Appellees contend there was no evidence that they committed the crimes alleged in the indictments, and that the grand jury acted outside of its authority when it returned indictments against them. Appellees do not contend *no* evidence was presented to the grand jury; their argument is that they could not be guilty of theft because they had permission to take the money.

This is not a case in which appellees argue that the indictment did not state an offense because it omitted an element of the offense. *See, e.g., Ex parte Elliott,* 746 S.W.2d 762, 764 (Tex.Crim.App.1988); *Edlund v. State,* 677 S.W.2d 204, 209 (Tex. App.—Houston [1st Dist.] 1984, no pet.). Nor is this a case in which appellees attempt to show that the indictments did not give proper notice of the offense. *See, e.g., Moreno v. State,* 721 S.W.2d 295, 300 (Tex. Crim.App.1986); *State v. Sonnier,* 773 S.W.2d 60, 63 (Tex.App.—Houston [1st Dist.] 1989, no pet.).

■ By the motions to dismiss, appellees sought to show there was not enough

---

**1.** In *United States v. Russell,* 415 F.Supp. 9, 10 (W.D.Tex.1975), the court held that criminal motions to dismiss an indictment are not to be turned into analogies of civil motions for summary judgment (interpreting Fed.R.Crim.P. 12, comparable to Tex.Code Crim.P.Ann. art. 27.03) (Vernon 1989).

**922**

evidence of unlawful conduct to justify the return of indictments. In Texas, defendants may not challenge the evidence to support an indictment by the grand jury. *Beets v. State*, 767 S.W.2d 711, 723 (Tex. Crim.App.1987). Appellate courts will not review the sufficiency of the evidence presented to the grand jury to determine whether an indictment was justified. *Dean v. State*, 749 S.W.2d 80, 82 (Tex.Crim.App. 1988); *Polk v. State*, 749 S.W.2d 813, 817 (Tex.Crim.App.1988); *Alejandro v. State*, 725 S.W.2d 510, 513 (Tex.App.—Houston [1st Dist.] 1987, no pet.). If an indictment was returned by a legal and unbiased grand jury, and is valid on its face, it mandates a trial of the charge on its merits. *Brooks v. State*, 642 S.W.2d 791, 795 (Tex.Crim.App.1982); *Douglas v. State*, 739 S.W.2d 660, 662 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). The State was denied its right to trial on the merits.

Appellees seem to believe that a different rule should apply because they contend there was "no evidence," rather than "insufficient evidence," to support the indictment. The appellate courts have made no such distinction. We simply cannot review the evidence to support an indictment. *Brooks*, 642 S.W.2d at 795.

The trial court erred when it dismissed the indictments on grounds of insufficient evidence. We sustain the State's sole point of error.