**John W. KEY, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. 12–88–00157–CR.**

Court of Appeals of Texas, Tyler.

May 31, 1990.

Rehearing Denied July 20, 1990.

Ronald R. Waldie & Barry L. Elliott, Seven Points, for appellant.

John W. Owens, Athens, for appellee.

1. A class "A" misdemeanor defined in Tex.Penal Code § 38.05(a)(1) and (2) (Vernon 1989) (hereinafter section 38.05).

Appellant John W. Key, Jr. (hereinafter Key) was convicted by a jury of the offense of "Hindering Apprehension or Prosecution." [1] The judge assessed Key's punishment at one day in jail and a fine of $2,000.

Key presents twelve points of error. Under his fourth and fifth points of error, he contends that the court erred in overruling his motion for instructed verdict because a fatal variance existed between the allegations of the indictment [2] and the State's proof, and that the evidence was insufficient to support his conviction. By his tenth point of error, Key claims that the court erred "in failing to track the indictment in [its] charge to the jury and thereby relieved the State of the burden of proving the offense of aggravated sexual assault as alleged in the indictment." We will reverse the judgment and order an acquittal.

Section 38.05 reads, in pertinent part, as follows:

(a) A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense, he:

(1) harbors or conceals the other;

(2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or

. . . .

Omitting the formal parts, the allegations of the indictment are as follows:

[T]hat ... [Key] ... did then and there, intentionally, with the intent to hinder the arrest, prosecution, and punishment of Roy Lee Collingsworth *for the offense of Aggravated Sexual Assault* did harbor and conceal Roy Lee Collingsworth by hiding Roy Lee Collingsworth in the residence of Ronald Waldie and removing Roy Lee Collingsworth from Henderson County, Texas.... (Emphasis ours.)

In applying the law of section 38.05 to the facts of the case, the court charged the jury as follows:

2. The indictment, returned in District Court charging the misdemeanor offense, was transferred to the Henderson County Court at Law.

IV.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 30th day of January, 1986, in Henderson County, Texas, the defendant, JOHN W. KEY, JR., intentionally harbored or concealed Roy Lee Collingsworth, by hiding Roy Lee Collingsworth in the residence of Ronald Waldie and removing Roy Lee Collingsworth from Henderson County, Texas, for the purpose of avoiding arrest, with the intent on the part of the defendant, JOHN W. KEY, JR., to hinder the arrest or prosecution of Roy Lee Collingsworth, then you will find the defendant guilty.

Now bearing in mind the foregoing instructions and definitions, if you find the State failed to prove each element of the offense beyond a reasonable doubt or if you have reasonable doubt thereof, you will acquit the Defendant, John W. Key, Jr., and say by your verdict "Not Guilty."

The undisputed evidence shows that Roy Lee Collingsworth (hereinafter Collingsworth) was indicted for the offense of aggravated sexual assault, and he pleaded guilty to the lesser offense of sexual assault before the District Judge of Henderson County on April 1, 1985. Collingsworth was convicted by the court of sexual assault on his plea of guilty. The District Judge assessed his punishment at five years' confinement in what was then the Texas Department of Corrections, but suspended imposition of the sentence, and placed Collingsworth on probation for a period of five years. After Collingsworth was placed on probation, he violated the conditions of his probation by committing at least two misdemeanor offenses, viz., public intoxication and driving while intoxicated. Subsequently, on January 30, 1986, the State filed a motion to revoke Collingsworth's probation. The motion was presented to District Judge Jack Holland who ordered the issuance of a warrant for Collingsworth's arrest and incarceration, pending the probation revocation hearing. On January 30, 1986, Mike O'Brien, the investigator for the Henderson County District Attorney's office and a certified peace officer, unsuccessfully sought to execute the warrant by arresting Collingsworth.

■■■ The principal question presented is whether the offense of hindering apprehension or prosecution as defined by section 38.05 can only be proved by a showing that the "arrest" that was hindered was "for an offense" committed by the person aided by the alleged offender. Stated another way, the question is, does the language "for an offense" constitute an essential element of the offense defined in section 38.05? If it does, then the conviction cannot stand, because an arrest authorized by a warrant issued by virtue of former Tex.Code Crim.Proc.Ann. art. 42.12 § 8(a) [3] to secure the presence of a probationer at his revocation hearing does not constitute an arrest "for an offense." [4] We agree with the State's argument that the hindering offense under section 38.05 may be established without proof that the person aided was either prosecuted or convicted of the underlying offense. The State also cites correctly for that proposition *Easter v. State*, 536 S.W.2d 223 (Tex.Cr.App.1976). However, that is not the issue here. The State contends that the statute, as noted by the *Easter* court at 228 (citing the practice commentary to section 38.05), defines the offense "in terms of hindering public law enforcement...." *Id.* We also agree that such is the holding of the *Easter* court which is binding upon this court. But again, that is not the question here.

We must enforce the statute as written where there is no ambiguity or conflict in the language employed by the legislature. As we read section 38.05, before a convic-

---

**3.** Act of May 25, 1983, ch. 237, § 3, 1983 Tex. Gen.Laws 1061–1062, now recodified as Tex. Code Crim.Proc.Ann. art. 42.12, § 24(a) (Vernon Supp.1990).

**4.** A revocation hearing is not a criminal trial in that the probationer's guilt or innocence of an offense is not at issue. *Cf. Davenport v. State,* 574 S.W.2d 73, 75–76 (Tex.Cr.App.1978); *Cross v. State,* 586 S.W.2d 478, 481 (Tex.Cr.App.1979); *Harris v. State,* 486 S.W.2d 317, 318 (Tex.Cr.App. 1972).

tion can be obtained thereunder, the State must allege and prove that the arrest hindered was "for an offense" committed by the person whose arrest was hindered. To hold otherwise would be to disregard legislative intent plainly expressed in the language of the statute.

The State also argues that "[t]echnically, [Collingsworth] was sought for the offense of 'Motion to Revoke Felony Probation....'" If we accept that argument, we would be setting ourselves against the case law rendered by the Court of Criminal Appeals noted on page 4 hereof. For these reasons, Key's fourth, fifth and tenth points of error are sustained.

The judgment is reversed and an acquittal is ordered.