The STATE of Texas, Appellant,

v.

Margaret ZOCH, Appellee.

No. C14–92–00705–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 28, 1993.

Alan Curry, Houston, for appellant.

W. Stacey Mooring, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

OPINION

ROBERTSON, Justice.

The state appeals the dismissal of an indictment against Margaret Zoch, appellee. Tex.Code Crim.Proc.Ann. art. 44.-01(a)(1) (Vernon Supp.1992). We reverse and remand the case for trial.

Appellee was indicted for the felony offense of hindering apprehension. Tex.Penal Code Ann. § 38.05 (Vernon 1989 & Supp.1993).[1] Appellee filed a motion to quash the indictment alleging an essential element of the offense was excluded from the indictment. In her motion to quash, appellee contended the indictment failed to allege that she hindered the arrest of someone wanted for "an offense". Appellee was indicted for hindering the apprehension of Johnny Garces. Appellee argued to the trial court that Garces was being sought on a capias issued following a bond forfeiture, and that this did not constitute "an offense." Appellee relied upon *Key·v.*

---

1. Section 38.05 provides in pertinent part:

(a) A person commits an offense if, with the intent to hinder the arrest ... of another for an offense, he:
    (1) harbors or conceals the other; [or]
    (2) provides or aids in providing the other with any means of avoiding arrest or effecting escape;
(c) An offense under this section is a Class A misdemeanor, except that the offense is a felony of the third degree if the person who is har-bored, concealed, provided a means of avoiding arrest or effecting escape, or warned of discovery of apprehension is under arrest for, charged with, or convicted of a felony and the person charged under this section knew that the person they harbored, concealed, provided with means of avoiding arrest or effecting escape, or warned of discovery or apprehension is under arrest for, charged with, or convicted of a felony. Tex.Penal Code Ann. § 38.05 (Vernon 1989 & Supp.1993).

*State* to support her proposition. 800 S.W.2d 229 (Tex.App.—Tyler 1990, no pet.)

However, in *Key*, the court was looking at the sufficiency of the evidence to sustain a conviction for hindering apprehension. *Id.* The court held "for an offense" was an essential element of the offense of hindering apprehension, and that an arrest authorized by a warrant to secure the presence of a probationer at his revocation hearing did not constitute an arrest "for an offense." *Id.* at 230. Appellee argued before the trial court that a capias was also insufficient to support the offense of hindering apprehension. The trial agreed and granted appellee's motion to quash.

■ The state argues that in her motion to quash, appellee was really arguing the state's evidence was insufficient for conviction. Appellee counters that its contention was the state failed to allege an essential element of the offense because a capias issued following a bond forfeiture would not qualify as "an offense." The indictment alleged:

> ... Margaret Zoch, hereafter styled the Defendant, heretofore on or about January 22, 1992, did then and there unlawfully with the intent to hinder the arrest of Johnny Garces, a person charged with a felony, harbor and conceal Johnny Garces, and the Defendant knew that Johnny Garces was charged with a felony.
>
> It is further presented, that ... the Defendant, heretofore on or about January 22, 1992 did then and there unlawfully with the intent to hinder the arrest of Johnny Garces, a person charged with a felony, provide and aide (sic) in providing Johnny Garces with means of avoiding arrest and effecting escape and the Defendant knew that Johnny Garces was charged with a felony.

The indictment tracks the language of the statute. An indictment that tracks the language of the statute is legally sufficient and the state need not allege facts which are merely evidentiary in nature. *Bynum v. State*, 767 S.W.2d 769 (Tex.Crim.App. 1989). Appellee is wrong in her contention that an essential element of the offense was not alleged. It specifically alleges that appellee hindered the arrest of Johnny Garces and that Johnny Graces was charged with a felony. Appellee's motion to quash was based on appellee's contention that the state's underlying evidence would not support her conviction. This is not a proper ground to quash an indictment. *State v. Brock*, 788 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

■ Defendants may not challenge the sufficiency of the evidence to support an indictment by the grand jury. *Beets v. State*, 767 S.W.2d 711, 723 (Tex.Crim.App. 1987). Appellate courts will not review the sufficiency of the evidence presented to the grand jury to determine whether an indictment was justified. *Dean v. State*, 749 S.W.2d 80, 82 (Tex.Crim.App.1988); *Polk v. State*, 749 S.W.2d 813, 817 (Tex.Crim.App. 1988); *Brock*, 788 S.W.2d at 922. An indictment returned by a legal and unbiased grand jury, that is valid on its face, mandates a trial of the charge on its merits. *Brooks v. State*, 642 S.W.2d 791, 795 (Tex. Crim.App.1982); *Brock*, 788 S.W.2d at 922.

Appellee made no challenge to the validity of the indictment. The indictment tracked the statute, and included all essential elements required by § 38.05. The trial court erred in its granting of appellee's motion and in its dismissal of the indictment.

Having found the indictment was sufficient to allege the offense, we need not go further and determine whether the facts are sufficient to sustain a conviction for hindering apprehension. Furthermore, we need not decide whether we agree with the reasoning in *Key*, that an arrest authorized by a warrant to secure the presence of a probationer at his revocation hearing does not constitute an arrest "for an offense" sufficient to sustain a conviction for the offense of hindering apprehension.

The state's sole point of error is sustained. We reverse the order of the trial court quashing the indictment and remand

this case for further proceedings consistent with this opinion.