NO.
12-04-00330-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

BEVERLY SANFORD,        §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY COURT AT LAW #2

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Beverly
Sanford appeals her conviction for hindering apprehension or prosecution.  In two issues, she contends that the evidence
was legally and factually insufficient to support her conviction.  We affirm.

 

Background

            Authorities in Smith County, working
with employees at the Home Depot retail store, set up a sting operation to
entice Cassandra Green to come to the store so they could arrest her.  Green had apparently been involved in the
illegal use of a credit card.  Green
appeared at the store, but left before the police were able to arrest her.  She was seen walking to a silver sport
utility vehicle.  A police officer who
had not been in the store stopped the silver sport utility vehicle before it
could leave the parking lot.  He observed
Appellant driving, but did not see Green. 
According to the officer, he asked Appellant if she were Green, where
the woman was, and if anyone else was in the vehicle.  Appellant said she was not Green, no one else
was in the car, and she did not know what the officer was talking about.  About four minutes later, a Home Depot
employee walked out to the vehicle and indicated to the officer that Green was
hiding in the back seat of the vehicle under some clothes.  Appellant’s story was different.  She testified that she did not lie to the
authorities and that she was never asked if there was anyone else in the
car.  She also testified that Green was
not hiding, but was sitting upright in the back seat of the vehicle the entire
time.  

            Green was arrested for credit card
abuse, and Appellant was arrested for hindering apprehension or
prosecution.  Appellant was charged by
information with the misdemeanor offense of hindering apprehension or
prosecution and found guilty after a jury trial.  The jury assessed punishment at 365 days of
confinement, probated for two years, and a fine of $1,000.  This appeal followed.

 

Sufficiency of the
Evidence

            In her first and second issues,
Appellant argues that the evidence was legally and factually insufficient to
show that she hindered the apprehension or prosecution of Cassandra Green.  The State did not file a brief.  

Standard of
Review

            In evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Russeau v. State, 171 S.W.3d
871, 877 (Tex. Crim. App. 2005) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560)).  In reviewing factual sufficiency, we must
determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable
doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484-85.  A verdict will be set aside “only
if the evidence supporting guilt is so obviously weak, or the contrary evidence
so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002); Sims v. State, 99 S.W.3d 600, 601
(Tex. Crim. App. 2003).  A clearly wrong
and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481. 

            In both legal and factual
sufficiency review, the fact finder is the sole judge of the weight and
credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury may choose to
believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

            The elements of the offense of
hindering arrest or prosecution are found in section 38.05 of the penal code
which provides, in relevant part, that a person commits an offense if, with
intent to hinder the arrest, prosecution, conviction, or punishment of another
for an offense, he harbors or conceals the other.  Tex.
Pen. Code Ann. § 38.05 (Vernon 2005).

Legal
Sufficiency

            Appellant has two complaints about
the evidence.  First, she complains that
there was no evidence that she harbored or concealed Green or any evidence that
she did so to prevent an arrest.  Second,
she complains that the State did not prove what it alleged in the charging
instrument.  Specifically, the charging
instrument alleges that Appellant harbored or concealed Green with the “intent
to hinder the arrest, prosecution, conviction, or punishment of Cassandra Green
for the offense of a warrant for credit card abuse.”  We will address these complaints
individually.

            Evidence of the offense

            Contrary to Appellant’s suggestion,
there was evidence that she harbored or concealed Green.  Specifically, there was testimony that she
told the police there was not anyone else in the car.  This served to conceal or harbor Green, if
only for a short time.  If Appellant had
been successful in her deception, she would have been able to drive away and
Green would have escaped arrest. 

            There is no direct evidence that
Appellant was harboring or concealing Green from arrest, prosecution,
conviction, or punishment.  But this type
of specific intent is ordinarily established by circumstantial evidence.  See, e.g., Patrick v. State, 906
S.W.2d 481, 487 (Tex. Crim. App. 1995) (intent may be discerned from the acts,
words, and conduct of the accused); Caddell v. State, 865 S.W.2d
489, 492 (Tex. App.–Tyler 1993, no pet.) (because direct evidence is rarely
available to prove a conspiracy, circumstantial evidence must be relied on to
prove the essential elements of the crime). 
Furthermore, the State is not required to prove the actor knew that an
offense has been committed or that the purported offender is guilty of that
offense.  Easter v. State,
536 S.W.2d 223, 228 (Tex. Crim. App. 1976). 
Indeed, the gravamen of the offense rests on the intent of the
defendant, not the intent of the police, and the offense may be complete even
if police are still engaged in the preliminary investigation of an offense and
have not yet focused their suspicion on the person being concealed.   King
v. State, 76 S.W.3d 659, 661 (Tex. App.–Houston [14th Dist.] 2002, no
pet.).  Appellant lied to the police
about Green being in the back seat of her vehicle when it was clear that the
police sought her.  A reasonable
inference from the evidence was that Appellant lied about whether Green was in
the car to protect her from apprehension. 

            The variance

            The State proved that Green was
sought for the offense of credit card abuse, but introduced no evidence that
there was a warrant for her arrest. 
Appellant complains that this variance between the charging information
and the evidence entitles her to an acquittal on appeal.  

            The sufficiency of the evidence is
measured against the offense as defined by a hypothetically correct jury
charge, not by the actual charging instrument. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997).  A hypothetically correct jury
charge accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant is tried. 
Id.  A
hypothetically correct jury charge need not incorporate allegations that give
rise to immaterial variances.  Gollihar
v. State, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001).  A variance is only material if it is
prejudicial to a defendant’s substantial rights.  Id. at 247–48. 

            A hypothetically correct jury charge
in this case would ask the jury if Appellant did, with the intent to hinder the
arrest, prosecution, conviction, or punishment of Cassandra Green for an
offense, harbor or conceal Cassandra Green. 
The question is whether the substitution of the hypothetically correct “an
offense” for “the offense of a warrant for credit card abuse” as found in the
charging information prejudiced Appellant’s substantial rights.[1]  

            Appellant’s substantial rights are
prejudiced only if the information or indictment failed to inform her
sufficiently of the charge against her to allow her to prepare an adequate
defense at trial, or if prosecution under the deficiently drafted information
would subject Appellant to the risk of being prosecuted later for the same
crime.  Gollihar, 46 S.W.3d
at 257.

            In this case, the unnecessary
allegation did not mislead Appellant. 
Her defense did not depend on whether Green’s arrest was pursuant to a
warrant.  Her defense was that she did
not hinder Green’s apprehension.  This
theory was not affected by the superfluous and unproven allegation that there
was a warrant for Green’s arrest.  Nor do
we perceive any risk to Appellant of being prosecuted again for the same
hindrance.  Therefore, the variance was
immaterial.  

            Examining the evidence and the
available inferences in the light most favorable to the jury’s verdict, we
conclude that the jury could have reasonably determined beyond a reasonable
doubt that Appellant intentionally hindered the arrest, prosecution,
conviction, or punishment of Cassandra Green for an offense.  The evidence was legally sufficient to
support the jury’s verdict.  We overrule
Appellant’s first issue.

Factual
Sufficiency

            After a neutral review of the
evidence, we reach the same conclusion. 
We have reviewed the record in its entirety.  We are mindful that our evaluation must not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997).  A police officer testified that
he asked Appellant if she were Cassandra Green, where “the woman was,” and if
there was anyone else in the car. 
Appellant testified she was never asked such things and that Green was
sitting upright in the back of the vehicle during the encounter.  The jury chose to believe the officer.

            The jury determines which witness to
believe and resolves any inconsistencies in the evidence.  See Johnson v. State, 23 S.W.3d
1, 8 (Tex. Crim. App. 2000).  A reviewing
court must be deferential to the jury’s determination as to the weight of
evidence and the credibility of witnesses. 
Id. at 7.  We cannot
say, based upon a neutral review of this record, that the evidence is so weak
that a jury was not rationally justified in finding the Appellant guilty beyond
a reasonable doubt.  Zuniga,
144 S.W.3d at 484.  Neither can we say
that considering all of the evidence, both for and against the verdict, the
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484-85.  We overrule Appellant’s
second issue.

 

Disposition

            The evidence is both legally and
factually sufficient to support Appellant’s conviction.  We affirm the trial court’s
judgment.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered April 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] The State was required
to allege and prove that the person was sought for an offense.  Key v. State, 800 S.W.2d 229,
231 (Tex. App.–Tyler 1990, pet ref’d); King, 76 S.W.3d at 662.