NO. 07-06-0185-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 16, 2007

_____

JEREMY LeCLEAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B965-0508; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jeremy LeClear, was convicted by a jury of hindering the apprehension of a convicted felon, Tina Clayton, also known as Tina LeClear, and sentenced to five years imprisonment and fined $2,500. Appellant contends (1) the evidence was factually insufficient to support the conviction, and the trial court erred in (2) admitting certain

evidence, (3) not submitting to the jury a lesser included offense charge, and (4) denying his motion for mistrial. We affirm.

## Background

Tina LeClear was arrested, charged, and convicted in Curry County, New Mexico, of the offense of possession of a controlled substance, a felony, and possession of a controlled substance, a misdemeanor. On August 12, 2004, she failed to appear for sentencing on those charges and a bench warrant was issued by the Ninth Judicial District Court located in Clovis, Curry County, New Mexico, for her arrest. The bench warrant indicated that the State of New Mexico would extradite.

On July 6, 2005, the Swisher County Sheriff's Office sent a teletype to the Curry County Sheriff's Office to confirm that the warrant for the arrest of Tina LeClear was valid and active. The Curry County Sheriff's Office returned a teletype confirming that the warrant was valid and that the State of New Mexico would still extradite. Subsequently, the Curry County Sheriff's Office faxed a copy of the bench warrant to the Swisher County Sheriff's Office.

After receiving the teletypes and bench warrant, Chief Deputy Benavidez of the Swisher County Sheriff's Office went to Appellant's residence for the purpose of executing the bench warrant. When he arrived at the residence, he observed that the ground was muddy due to an early morning rain. He also observed recent tire tracks made by an automobile traveling from the front of the residence to the rear of the residence.

2

Benavidez approached the residence and knocked on the front door. He waited several minutes and received no response. He then went around to the rear of the residence and knocked on the back door. He could hear music coming from a radio inside the house. He observed a parked vehicle with two sets of footprints imprinted in the mud. One set of footprints exited the vehicle from the driver's side, and the other set of footprints exited from the passenger side. One set of footprints was bigger than the other, and both sets of footprints led to the back porch. There were no footprints leading away from the back porch. Receiving no response, Benavidez returned to his patrol car, waited further and then drove one-half mile up the road where he pulled over in a position where he could observe the residence. He then called for backup.

Deputy Tucker arrived and the two deputies pulled into the driveway where they were met by Appellant. Appellant had exited the house through the front door and appeared nervous. Benavidez informed Appellant that a felony bench warrant out of Curry County, New Mexico had been issued for Tina LeClear's arrest. Asked if he knew of her whereabouts, Appellant replied that he had not seen Tina for two years.

Benavidez then asked Appellant if he would allow the deputies to search his house to verify that Tina was not there. Appellant responded that the house was locked and he did not have keys to enter. Appellant was holding a set of keys. Benavidez asked where the keys to the house were, and Appellant responded that the residence was his mother's house. Appellant then asked if he could re-enter the house to call his mother. The deputies agreed and Appellant re-entered the residence using the keys he was holding in his hand.

3

After fifteen to twenty minutes, Appellant exited the front door and gave the deputies permission to search the house. The deputies failed to find Tina in the house, exited the residence, and then conducted a search of a shed and barn. She was not located in either building. Benavidez then placed a call seeking assistance from Garry Walsmith, an undercover officer for the Department of Public Safety.

Walsmith arrived accompanied by DPS Sergeant Bobby Tyler. Walsmith asked Appellant if Tina was in the residence, and Appellant responded that he had not seen her for six weeks and that she was in Chicago. Walsmith asked Appellant if he would consent to them searching the house, and Appellant consented.

Walsmith and Tyler entered the residence. When they entered the master bedroom, they observed a closet. When they entered the closet, the DPS officers observed a pile of shoes placed in one corner, and a pile of clothes in the other corner. They removed the clothes and shoes, lifted the carpet, and found an entry leading to a crawlspace underneath the house. Tyler looked into the crawlspace and observed Tina LeClear approximately ten feet from the entryway. Walsmith further testified that it was not possible for any person who had entered the crawlspace to have closed the wooden cover and then piled the clothes and shoes atop the carpet concealing the entryway. He also testified that he had looked underneath the house with a flashlight and did not observe any other entry or exit point for the crawlspace.

4

**Issue One**

Appellant contends the State's evidence was factually insufficient to establish the elements of the felony offense of hindering apprehension or prosecution under § 38.05 of the Texas Penal Code. Specifically, Appellant asserts the State made no showing that Tina LeClear's arrest was for an "offense" against the laws of the State of Texas or the State of New Mexico as contemplated by § 38.05. Appellant further argues that the State failed to establish that the person harbored or concealed was under arrest for, charged with, or convicted of an offense classified as a felony. We disagree.

When conducting a factual sufficiency review, we examine all the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State,* 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the factfinder's determinations if supported by the record. *Watson,* 204 S.W.3d at 417. We cannot reverse a conviction unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.* The criminal verdict will be set aside "only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence so strong that the standard of proof beyond a reasonable doubt could not have been met." *Garza v. State*, 213 S.W.3d 338, 343 (Tex.Crim.App. 2007). In other words, we cannot conclude that Appellant's conviction is

5

"clearly wrong" or "manifestly unjust" simply because we disagree with the jury's verdict. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that the appellant claims undermines the jury's verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App. 2003); *Roberts v. State,* 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).

As it pertains to the indictment in this case, the offense of hindering apprehension or prosecution is defined as follows:

> (a)    A person commits an offense if, with the intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense . . . he: (1) harbors or conceals the other; . . . .
>
>                             \*   \*   \*
>
> (c)    An offense under this section is a Class A misdemeanor, except that the offense is a felony of the third degree if the person who is harbored, concealed, . . . is under arrest for, charged with, or convicted of a felony . . . and the person charged under this section knew that the person they harbored, concealed, . . . is under arrest for, charged with, or convicted of a felony. . . .

Tex. Penal Code Ann. § 38.05 (Vernon 2003).[1] The indictment in this case alleged, in relevant part, that Appellant did "harbor or conceal Tina LeClear a/k/a Tina Clayton, and the

---

[1] Because the Texas Penal Code does not define the term "offense"; *see* Tex. Penal Code Ann. § 1.07 (Vernon 2003), the term must be defined by common usage unless the word has acquired a technical or particular meaning. Tex. Gov't Code Ann. § 311.011 (Vernon 2005). *See also* Tex. Penal Code Ann. § 1.05(b) (Vernon 2003). The common definition of "offense" is an "infraction of the law"; Merriam-Webster's Collegiate Dictionary p. 861 (11th Ed. 2003), and an offense may be designated either as a felony or misdemeanor. 18 Tex. Jur. 3d § 1254 (2001). In fact, a violation of an "offense" under § 38.05, may constitute a misdemeanor or felony depending on whether the person harbored or concealed is under arrest for, charged with, or convicted of a felony.

[Appellant] knew that the said Tina LeClear a/k/a Tina Clayton was charged with a felony, namely, Possession of Controlled Substance, . . . ." Thus, to satisfy its burden, the State was required to establish that (1) Appellant, (2) with intent to hinder the arrest, prosecution, conviction or punishment of Tina LeClear for an offense, (3) harbored or concealed her. Furthermore, to satisfy its burden of proving a felony offense, the State was required to additionally establish that Appellant knew Tina LeClear was under arrest for, charged with, or convicted of an offense classified as a felony.

Appellant's attack is three-fold. First, Appellant contends the State failed to show that the arrest of Tina LeClear was for "an offense" because Tina had already been found guilty of the offense of possession of a controlled substance.[2] Next, Appellant contends the State failed to prove that "failure to appear" for sentencing was an offense. Finally, Appellant contends the State failed to prove that "failure to appear" is a felony offense under the law applicable to her arrest, to-wit: New Mexico law.

Relying upon the authority of *Key v. State,* 800 S.W.2d 229 (Tex.App.–Tyler 1990, no pet.), Appellant contends that because Tina LeClear had already been convicted of possession of a controlled substance, failure to appear for sentencing did not constitute "an offense"; therefore, the State failed to prove an essential element of hindering apprehension. We disagree. The State introduced evidence that Tina was wanted on a bench warrant for

[2]Appellant's brief contends the State failed to establish an offense because Tina LeClear had already been found guilty of the charge of possession of a controlled substance; whereas, Appellant's oral arguments focused on the new offense of failure to appear.

failure to appear for sentencing. When a person is arrested for failure to appear for sentencing, for purposes of § 38.05, apprehension is for the same offense for which that person was previously convicted. *King v. State,* 76 S.W.3d 659, 662 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd).

Tina LeClear's arrest was pursuant to a bench warrant which was not issued with respect to the commission of the new offense of failure to appear; but was, instead, issued incident to the same cause numbers and pursuant to the original proceedings pending in Cause Nos. D-905-CR-0200200580 and D-905-CR-0200400075 for possession of a controlled substance, a felony, and possession of a controlled substance, a misdemeanor. The evidence is sufficient to show that Tina LeClear was arrested for "an offense" and from that evidence the jury could have reasonably found that the essential elements of hindering apprehension were established beyond a reasonable doubt. Thus, from a review of the most important and relevant evidence discussed hereinabove, we cannot conclude under *Watson*, that Appellant's conviction was "clearly wrong" or "manifestly unjust." Issue one is overruled.

## Issue Two

Appellant's second issue argues the trial court erred by overruling his hearsay objection to State's Exhibits 1, 2, 3, a series of teletypes between the Swisher County Sheriff's Office and the Curry County Sheriff's Office. We disagree.

8

We review a trial court's decision to admit or exclude evidence for abuse of discretion; *Page v.* State, 213 S.W.3d 332, 337 (Tex.Crim.App. 2006), and "[a]ppellate courts will uphold a trial court's ruling on admissibility of evidence as long as the trial court's ruling was at least within the zone of reasonable disagreement." *Id*. *See Hernandez v. State*, 205 S.W.3d 555, 558 (Tex.App.--Amarillo 2006, pet. ref'd).

At trial, Benavidez testified that he recognized the teletypes as confirmation that there was a valid warrant pending for Tina LeClear's arrest out of Curry County, New Mexico. He also testified the teletypes were true and correct copies and were kept in the regular course of business as a law enforcement officer. On its face, Benavidez's testimony supplied the predicate for admission of the teletypes pursuant to Rule 803(6) of the Texas Rules of Evidence.

Appellant's objection is that Benavidez's testimony is deficient because he is not a record custodian, *i.e.* does not keep the records, is not a records clerk, or has anything to do with the records. In *Melendez v. State*, 194 S.W.3d 641, 644 (Tex.App.--Houston [14th Dist.] 2006, pet. ref'd), the Court stated:

> [T]he predicate for the business records exception to the hearsay rule may be established either by the custodian of the records or *another qualified witness*. Tex. R. Evid. 803(6). Rule 803(6) does not require that the witness be the person who made the record or even be employed by the organization that made or maintained the record, and appellant cites no authority imposing any such requirement.

9

Benavidez supplied the necessary predicate for admission of the teletypes and Appellant has offered no evidence to show either that Benavidez was not a qualified witness or his testimony was not trustworthy. There simply is no requirement under Rule 803(6) that Benavidez be a record custodian or person in charge of keeping the record. Thus we find no error in admitting the exhibits.

Alternatively, if the evidence was improperly admitted, the error was cured through Benavidez's unobjected to testimony relating to the events that transpired on the morning of July 6, 2005, and the subsequent unopposed admission of the bench warrant. Error in the admission of evidence is cured where the same evidence comes in elsewhere without objection, either before of after the complained-of ruling. *Lane v. State*, 151 S.W.3d 188, 192-93 (Tex.Crim.App. 2004). *See Murphy v. State*, 229 S.W.3d 334, 343 (Tex.App.-- Amarillo 2006, pet. ref'd). Issue two is overruled.

### Issue Three

Appellant contends the trial court erred by failing to charge the jury on the lesser-included offense of hindering apprehension, a misdemeanor pursuant to § 38.05(c). Specifically, Appellant contends he was entitled to a charge on the lesser-included offense because the State failed to present any specific evidence to establish whether Tina LeClear's failure to appear was a felony or misdemeanor under New Mexico law. We disagree.

10

Under the Texas Code of Criminal Procedure, an offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). A defendant is entitled to a lesser-included offense jury charge if: (1) the requested charge is a lesser-included offense of the offense charged, and (2) there is *some* evidence that if the defendant is guilty, he is guilty *only* of the lesser offense. *Guzman v. State,* 188 S.W.3d 185, 188 (Tex.Crim.App. 2006) (emphasis added). The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *McKinney v. State*, 207 S.W.3d 366, 370 (Tex.Crim.App. 2006).

The first prong of this test requires that we compare the elements of the two offenses to determine if the requested charge is a lesser-included offense of the offense charged. The elements of hindering apprehension or prosecution contained in § 38.05(a) must be proven whether conviction is sought for a Class A misdemeanor or a felony of the third degree. *See* § 38.05(a) & (c). To raise the offense from a misdemeanor to a felony, the State must additionally prove that (1) the person harbored or concealed is under arrest for, charged with, or convicted of a felony, and (2) the accused *knew* the person harbored or concealed was under arrest for, charged with, or convicted of a felony. § 38.05(c). Thus, because the difference between the offense as charged and the lesser offense charge requested by Appellant is established by proof of the same or less than all the facts required to establish the commission of the offense charged, the Class A misdemeanor offense of

11

hindering apprehension or prosecution is a lesser-included offense of the felony offense of hindering apprehension or prosecution.

The second prong of the test then requires that we determine whether there is some evidence that would permit a jury to rationally find, if Appellant is guilty, he is guilty *only* of the lesser offense. As discussed hereinabove, the record is replete with evidence that Benavidez and Tucker arrested Tina LeClear pursuant to a warrant that issued out of Curry County, New Mexico, incident to the original offense of *felony* possession of a controlled substance. Furthermore, the undisputed evidence establishes that Appellant was told that Tina LeClear was a fugitive incident to a charge, arrest, or conviction of a felony offense.

Appellant has not identified, and we cannot find *any* evidence adduced at trial that would indicate that Appellant did not know that Tina LeClear was being sought in connection with a felony warrant issued incident to a charge, arrest, or conviction of a felony offense. Thus, Appellant has failed to establish that the lesser-included offense is a valid rational alternative to the offense charged, and the trial court did not err by refusing the instruction on the lesser-included offense. *See Powell v. State*, 206 S.W.3d 142-43 (Tex.App.–Waco 2006, pet. ref'd). Appellant's third issue is overruled.

**Issue Four**

By his fourth and final issue, Appellant contends the trial court erred in denying Appellant's motion for mistrial. In support, Appellant contends that, during the punishment

12

hearing, the State improperly attempted to inject that he had a prior felony conviction because he was not making an application for probation. We disagree.

During the closing statement on punishment by the State, the following occurred:

MR. HOCKER: Finally, you will notice that probation is not an option in this case. And the law in the State of Texas is that in order to be eligible for probation, you have to be able to establish that you've never been convicted of a felony in this state, any other state –

MR. MCKINNEY: I object that this argument is not relevant before this jury.

THE COURT: Sustained.

MR. MCKINNEY: I'd ask for an instruction in that regard, Your Honor.

THE COURT: All right. Ladies and gentlemen, you will disregard that argument.

MR. MCKINNEY: I'd ask the Court to grant a motion – move for mistrial – because that – I don't believe that instruction would cure that error.

THE COURT: Denied.

MR. HOCKER: What I'm saying to you, ladies and gentlemen, is that probation is not an option in this case. It is simply going to be a penitentiary time sentence.

MR. MCKINNEY: He's arguing behind the Court's ruling now.

THE COURT: Sustained.

MCKINNEY: May I have an instruction?

THE COURT: You have the instruction. You will disregard that argument. Counsel, proceed to the next argument.

MCKINNEY: I'd like to have a mistrial at this time.

THE COURT: Denied.

13

The issue before this Court is whether the trial court's refusal to grant the mistrial constituted an abuse of discretion. *See Hawkins v. State*, 135 S.W.3d 72, 76 (Tex.Crim.App. 2004). To support such a finding by this Court, the jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence to constitute reversible error. *Shannon v. State*, 942 S.W.2d 591, 597-98 (Tex.Crim.App. 1996). In most cases, if error occurs, either a withdrawal of the question or an instruction to disregard will cure any error committed; *id*., and only in extreme circumstances, where the prejudice is incurable, will a mistrial be required. *Hawkins*, 135 S.W.3d at 77. With these standards in mind, the Court will apply the test tailored for punishment proceedings and balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Id.*

The prosecutor's argument was inappropriate but not egregious. In both instances, the prosecutor correctly stated the law, *i.e.,* probation was not a sentencing option for the jury. In addition, any inference that may have been drawn by the jury from the prosecutor's statement that a prior felony conviction negates the possibility for probation was not reversible error because the prosecutor had already given the jury a complete description of Appellant's extraneous offenses without objection. Furthermore, curative action was taken by the court with two immediate instructions to disregard. Finally, Appellant's sentence of five years imprisonment and a $2500 fine was well within the statutory limits. That Appellant repeatedly lied to the arresting officers regarding when he had last seen Tina LeClear and

14

her whereabouts while surreptitiously concealing her in the residence's crawlspace adequately explains the sentence handed down by the jury in this case. Accordingly, we conclude the trial court did not abuse its discretion in denying the request for a mistrial and overrule Appellant's fourth issue.

## Conclusion

Consequently, having overruled Appellant's four issues, we affirm the trial court's judgment.

Patrick A. Pirtle
Justice

Do not publish.

15