ACCEPTED
03-15-00106-CR
4798409
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 5:47:14 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00106-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

4/7/2015 5:47:14 PM

JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
## FOR THE
## THIRD SUPREME JUDICIAL DISTRICT
## AT AUSTIN, TEXAS

**BRITTANY NICOLE WHITE,**
Appellant

**vs.**

**THE STATE OF TEXAS,**
Appellee

**Appeal from the County Court at Law**
**Cause No. M30224**
**Burnet County, Texas**
**The Honorable W.R. Savage, Judge Presiding**

## APPELLANT'S BRIEF

**Gary E. Prust**
**State Bar No. 24056166**
**1607 Nueces Street**
**Austin, Texas 78701**
**(512) 469-0092**
**Fax: (512) 469-9102**

**ATTORNEY FOR APPELLANT**

# IDENTITY OF THE PARTIES

**APPELLANT:**
Brittany Nicole White
9108 Laguna Woods Dr.
Austin, TX 78717

**TRIAL COUNSEL FOR APPELLANT:**
Revis Kanak
Burnet County Public Defender's Office
1008 N. Water St.
Burnet, Texas 78611

**APPELLATE COUNSEL FOR APPELLANT:**
Gary E. Prust
Law Office of Gary E. Prust
1607 Nueces St.
Austin, TX 78701

**TRIAL COUNSEL FOR APPELLEE:**
Colleen Davis
Burnet County Attorney's Office
220 S. Pierce St.
Burnet, TX 78611

**APPELLATE COUNSEL FOR APPELLEE:**
Colleen Davis
Burnet County Attorney's Office
220 S. Pierce St.
Burnet, TX 78611

# TABLE OF CONTENTS

Identity of the Parties ................................................................................................. ii

Table of Contents ...................................................................................................... iii

Table of Authorities .................................................................................................. iv

Statement of the Case ................................................................................................ 1

Statement Regarding Oral Argument ........................................................................ 2

Issues Presented ......................................................................................................... 3

The trial court erred when it denied Appellant's motion for a directed verdict because the State failed to introduce evidence of each essential element of the offense.

The trial court erred in assessing attorney's fees because an affidavit of indigence was filed and no finding was made that Appellant's financial circumstances have materially changed.

Statement of the Facts ............................................................................................... 4

Summary of the Argument ......................................................................................... 7

Argument .................................................................................................................... 8

Prayer ....................................................................................................................... 14

Certificate of Service ............................................................................................... 15

Certificate of Compliance ........................................................................................ 15

# TABLE OF AUTHORITIES

**CASES**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ................................. 9, 10

*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).................................... 9

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1971)................................. 9, 10

*Key v. State*, 800 S.W.2d 229 (Tex. App. – Tyler 1990, pet. ref'd) ............. 9, 10, 11

*King v. State*,
    76 S.W.3d 659 (Tex.App. – Houston [14th Dist.] 2002, no pet.) ................. 9

*Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010) ...................................... 13

*Mims v. State*,
    434 S.W.3d 265 (TexApp. – Houston [1st Dist.] 2014, no pet.)........ 8, 10, 12

*Rollerson v. State*, 227 S.W.3d 718 (Tex. Crim. App. 2007) .................................... 9

*State v. Zoch*,
    846 S.W.2d 588 (Tex. App. – Houston [1st Dist.] 1993, no pet.)................ 10

*Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013) ....................................... 13


**STATUTES**

Tex. Pen. Code § 38.05(a) .................................................................................. 8

Tex. Pen. Code § 38.05(a)(1)........................................................................ 1, 9, 10

Texas Code Crim. Proc. art. 26.05(g) ........................................................... 12, 13


**CONSTITUTIONAL PROVISIONS**

United States Const. Amend. XIV.................................................................... 9

# STATEMENT OF THE CASE

*Nature of the case:*   This is an appeal from a criminal conviction for hindering arrest of another by harboring or concealing them, in violation of § 38.05(a)(1) of the Texas Penal Code.

*Course of the proceedings:* Appellant was arrested October 21, 2013. RR Vol. I 7. The complaint and information were filed March 14, 2014. CR 4-5.  A one-witness bench trial was conducted November 13, 2014. *See* RR Vol. I. The trial court found Appellant guilty of hindering apprehension. CR 12-14.

*Trial court's disposition:* The trial court assessed punishment at five days' confinement, $250 in fine, $247 in court costs, and $250 in court appointed attorney's fees.

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. Appellant submits the issue in this case is not complex, novel, or unique. Accordingly, Appellant believes the Court does not need oral argument of the parties to help guide the Court's decision.

## ISSUES PRESENTED

### ISSUE I.

The trial court erred when it denied Appellant's motion for a directed verdict because the State failed to introduce of each essential element of the offense.

### ISSUE II.

The trial court erred in assessing attorney's fees because an affidavit of indigence was filed and no finding was made that Appellant's financial circumstances have materially changed.

## STATEMENT OF FACTS

Appellant, Brittany Nicole White, was charged by information on March 14, 2014 with the offense of harboring or concealing Cody Harper with the intent to hinder his arrest for the offense of "FTA-DWI". CR 5. The criminal act is alleged to have occurred on October 21, 2013. *Id*. Appellant applied for court appointed counsel, which was granted. CR 7, 9; *see also* CR 10.[1]

The case proceeded to jury trial on November 14, 2014. *See* RR Vol. I. Officer James Cole with the Marble Falls Police Department was the only witness. *Id*. He testified that on October 21, 2013, he pulled over Appellant for an expired inspection sticker and an unconfirmed insurance when he did a license plate check. RR Vol. I 7-9. Counsel for Appellant objected to the stop and the introduction of any evidence obtained during the stop. *Id*. at 10-11. The court overruled the objection finding there was reasonable suspicion for the offense of driving with an invalid inspection sticker. *Id*. at 26.

Officer Cole then testified Appellant pulled over quickly, without issue. *Id*. When the officer approached, Appellant was nervous, her hands and voice shaky. *Id*. The officer found this to be exaggerated nervousness. *Id*. at 27. She told the officer she had never been stopped before. *Id*. She then told the officer, in response

---

[1] This form at page 10 of the clerk's record is entitled "Waiver of Counsel" and contains a warning that the accused will not be responsible for attorney fees if the applicant prevails. But it also says the citizen accused will be obligated to repay costs for counsel in the event of a plea agreement or "verdict". It does not specify whether it only applied to a guilty verdict or to both guilty and not guilty verdicts.

to questioning, the front passenger was a person named "Timothy Sanders". *Id*. After that, the officer then began to speak with the passenger.

The passenger asked the officer why he referred to him at "Mr. Sanders" and said his name was "Dallas Harper". *Id*. at 27-28. The officer, however, knows a person with the name "Dallas Harper", and the passenger did look like him. *Id*.

Officer Cole reasoned that because Appellant lied to him he asked to search her car, to which she consented. *Id*. at 29. He did not find anything illegal, but he did find an offender card belonging to "Cody Harper". *Id*. This card had a picture which resembled the passenger. *Id*. Officer Cole then called dispatch to obtain a description of Cody Harper which matched the passenger at the scene. *Id*. Dispatch also added that Mr. Harper had a warrant in Burnet County. *Id*.

Officer Cole then detained Mr. Harper who confessed to being Cody Harper. *Id*. at 30. He arrested the passenger then went back to arrest Appellant. *Id*. The officer further testified the "only" thing Appellant did was provide a false name for Mr. Harper.

Appellant requested a directed verdict after the close of the State's case-in-chief. *Id*. at 32-33. The State argued Appellant harbored or concealed Mr. Harper by lying. *Id*. at 33. Appellant argued Appellant did not conceal Mr. Harper because she did not physically hide him. *Id*. at 34-35. Specifically, Appellant argued the State charged the offense under subsection 1 of 38.05, Texas Penal Code and not

under subsection 2. *Id*. at 34-36.

The trial court found the issue was whether Appellant's actions constituted harboring Cody Harper. *Id*. at 36-37. The court went on to find Appellant concealed Mr. Harper by lying about his identity. *Id*. at 38. The trial court also found the " .. commonsense definition of harboring someone is to have them in your control and then to misidentify him to a peace officer …". *Id.* at 39.

After finding guilt, the court assessed Appellant's punishment at five days in the county jail, a $250 fine, and $247 in court costs. *Id*. at 41. The court also gave Appellant five days credit for the time she served and appears to have run the fine and costs concurrent with the back time. *Id*. The court then assessed $250 in attorney's fees.

## SUMMARY OF THE ARGUMENT

### ISSUE I.

The evidence in the case is not disputed. The directed verdict was denied in error. The State's information charged Appellant intentionally or knowingly hindered the apprehension of Cody Harper "for the offense of FTA-DWI". At no point did the State introduce evidence of the "FTA" or "DWI". At no point did the State introduce evidence the warrant for Mr. Harper was for "an offense". Because the State alleged Appellant intentionally or knowingly hindered Mr. Harper's arrest for an offense, of which no evidence was introduced, the denial of the directed verdict was error.

### ISSUE II

Finally, the court assessed attorney's fees against Appellant for her court appointed counsel. Appellant completed an application for appointed counsel. There was no finding of any material change in her financial condition. Accordingly, it was error to assess attorney's fees against her.

# ARGUMENT

## ISSUE I.

**The trial court erred when it denied Appellant's motion for a directed verdict because the State failed to introduce of each essential element of the offense.**

### Standard of Review

When reviewing the sufficiency of the evidence, the reviewing court will view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Mims v. State*, 434 S.W.3d 265, 273 (Tex. App. – Houston [1st Dist.] 2014, no pet.).

### Law Applicable

A person commits the offense of hindering apprehension if the person "with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense …

 (1) harbors of conceals the other;

 (2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or

 (3) warns the other of impending discovery or apprehension."

Tex. Pen. Code § 38.05(a)(1)-(3). Whether the accused possessed the requisite

intent must be established by circumstantial evidence. *King v. State*, 76 S.W.3d 659, 661 (Tex.App. – Houston [14th Dist.] 2002, no pet.).

" .. [L]ying to the police does not, *ipso facto*, satisfy the elements of Section 38.05." *King v. State*, 76 S.W.3d at 661. Under Tex. Pen. Code § 38.05(a)(1), the State is required to allege and prove a person was sought for an offense. *Key v. State*, 800 S.W.2d 229, 231 (Tex. App. – Tyler 1990, pet. ref'd); *King*, 76 S.W.3d at 662.

A criminal defendant turned appellant is permitted to raise an issue on appeal that a verdict is against the great weight of the evidence, as a constitutional due process complaint. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1971); UNITED STATES CONST. Amend. XIV. For years, under Texas law, this type of appellant could raise both legal sufficiency and factual sufficiency complaints. *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996). Texas Appellate courts, however, recognized the *Clewis* factual sufficiency was barely distinguishable from the *Jackson* legal sufficiency. *See, e.g., Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). The Texas Court of Criminal Appeals, declared "there is … no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). The Court stated, "We ... decide that the *Jackson v.*

*Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id*. at 895. That standard is characterized as, "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319.

A challenge to the trial court's ruling on a request for a directed verdict is a challenge to the sufficiency of the evidence to support the conviction. *Mims v. State*, 424 S.W.3d 265, 273 (Tex. App. – Houston [1st Dist.] 2014, no pet.).

**Argument**

The State failed to introduce any testimony or evidence of an offense for which Cody Harper was avoiding detection. Because "an offense" is an essential element of § 38.05(a)(1), and no evidence was introduced, the verdict cannot be sustained by the evidence. *See Key*, 880 S.W.2d at 231; *see also State v. Zoch*, 846 S.W.2d 588, 589 (Tex. App. – Houston [1st Dist.] 1993, no pet.).

The State failed in its burden because it only elicited testimony that a warrant was issued for Mr. Harper, and he had an "offender card". When questioned, the sole witness testified that the description from dispatch of Cody Harper matched the individual at the scene, and they added a warrant was out for

Mr. Harper. RR Vol. I 29. The officer then told both that Cody Harper had a warrant and if they lied to him, he would charge both. *Id*. at 30. No other evidence was introduced to establish the warrant was for an offense.

In *Key v. State*, Key was tried for harboring or concealing with the intent of hindering the arrest or prosecution of Mr. Collingsworth. 800 S.W.2d at 230. The facts in the case showed Collingsworth pleaded guilty and was placed on probation for an offense. *Id*. Further, the evidence showed a warrant issued for his arrest on a motion to revoke probation. *Id*. Because there was no "offense" for which Collingsworth was sought, the evidence to convict Key was insufficient, and the court ordered an acquittal. *Id*. at 231.

The reasoning in *Key* is similar to the case at bar. An "offense" is a necessary element. A warrant may be issued for any number of reasons, and are not exclusive to criminal offenses. Further, the State did not elicit testimony about what an offender card is. Some are for parolees, some for probation. The warrant referred to in evidence could have easily been for a parole or probation violation. But no such evidence is in the record. The State's failure to introduce any scintilla of evidence the warrant was for "an offense" is a fatal flaw in its case-in-chief.

The trial court erred when it denied Appellant's request for directed verdict. RR Vol. I 33. The complete absence of an essential elements from evidence after the State rests entitled Appellant to relief. In the alternative, the verdict is not

11

supported by the evidence adduced at trial because of the complete failure by the State to introduce evidence Mr. Harper was sought for "an offense". For no rational juror could find guilt where there is no evidence of an essential element.

Accordingly, Appellant requests this Honorable Court to render a judgment of acquittal.

## ISSUE II.

**The trial court erred in assessing attorney's fees because an affidavit of indigence was filed and no finding was made that Appellant's financial circumstances have materially changed.**

### Standard of Review

When reviewing the sufficiency of the evidence, the reviewing court will view all of the evidence in the light most favorable to the finding to determine whether any rational trier of fact could have found the essential elements. *Mims v. State*, 434 S.W.3d at 273.

### Law Applicable

The Texas Code of Criminal Procedure art. 26.05(g) provides the trial court may order an indigent defendant to pay part or all of the costs of appointed counsel if the court determines the defendant has the financial resources to do so.

No objection need be raised at trial to an insufficiency argument on appeal and such error is not waived by the failure to do so. *Mayer v. State*, 309 S.W.3d

12

552, 556 (Tex. Crim. App. 2010). Claims of financial resources and ability to pay in the context of Tex. Code. Crim. Proc. art. 26.05(g) following a judgment are claims of insufficient evidence. *Id*.

Where an appellant does not complain about court appointed attorney's fees in the direct appeal, she is procedurally defaulted from raising the claim in a later action. *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013).

**Argument**

Appellant was found indigent and received appointed counsel. CR 7-9. The record does not reflect any challenge to her indigent status. Additionally, there is no showing Appellant has the financial resources to offset in part or in whole the costs of legal service provided. Absent such finding, the trial court's order directing Appellant to pay $250 in appointed attorney's fees is in error. *See Mayer v. State*, 309 S.W.3d at 556.

Accordingly, if the Court does not render acquittal as prayed for in Issue I, Appellant requests this Honorable Court remand this case to the trial court with an order directing the clerk of the court to delete the portion of the judgment and/or bill of costs ordering Appellant to pay $250 in attorney fees.

## PRAYER

Appellant respectfully prays that this Honorable Court grant the relief requested in Issue I and find the verdict is not supported by the evidence adduced at trial. In the alternative, Appellant prays this Honorable Court order the omission of the ordered attorney's fees for the reasons stated above. Appellant prays for any other relief to which she may be entitled in equity or at law.

Respectfully submitted,

/s/ Gary E. Prust

Gary E. Prust
State Bar No. 24056166
1607 Nueces St.
Austin, Texas 78701
(512)469-0092
Fax (512)469-9102
gary@prustlaw.com
Attorney for Brittany Nicole White

CERTIFICATE OF SERVICE

In compliance with Rule 9.5(d) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing Brief was served upon Ms. Colleen Davis Assistant Burnet County Attorney office via electronic transmission through efiletexas.gov on this <u>7th</u> day of <u>April</u>, 20<u>15</u>.

<u>    /s/ Gary Prust            </u>
Gary E. Prust

CERTIFICATE OF COMPLIANCE

I hereby certify Appellant's Brief contains 2195 words and is in compliance with TEX. R. APP. PROC. 9.4(2)(B).

<u>    /s/ Gary Prust            </u>
Gary E. Prust