Vincent Howard AMOS, Jr., Appellant,

v.

The STATE of Texas.

No. 2–95–499–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 30, 1997.

Louis Sturns, Carl E. Mallory, Arlington, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Chief Appellate Section, David M. Curl, Steve Gordon, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant challenges his conviction for attempted murder. Appellant presents two points, claiming the trial court erred by sub-

mitting a jury charge that allowed for a conviction on a theory different from that alleged in the indictment and that the evidence is legally insufficient to sustain a conviction for attempted murder. We affirm.

## Background

After leaving a party she was attending to search for a friend, Camesia Mokoko found her friend, Appellant, and another male by a vehicle, struggling and arguing over a gun. Mokoko testified that Appellant pointed a gun straight at her, stated his dislike for her, and fired the gun several times; however, Mokoko was not injured. Appellant was tried for the offense of attempted murder. The charge submitted to the jury read, in pertinent part, as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 5th day of September, 1993, in Tarrant County, Texas, the Defendant, Vincent Howard Amos, Jr., did then and there intentionally, with the specific intent to commit the offense of murder of Camesia Mokoko, do an act, to-wit: by shooting her with a deadly weapon, to-wit: a firearm, and said act amounted to more than mere preparation that tended but failed to effect a commission of said murder, then you will find the Defendant guilty of Attempted Murder, as alleged in Count One of the Indictment.

Previously, Appellant had been indicted on two counts, the first count charging:

> [That Appellant] did then and there intentionally, ... do an act, ... shoot at her with a deadly weapon, to-wit: a firearm, and said act amounted to more than mere preparation that tended but failed to effect the commission of said murder.

Appellant was convicted and sentenced by a jury to five years' confinement for the offense of attempted murder.

## The Jury Charge

■ In his first point, Appellant claims that the jury charge was erroneous because it authorized a conviction based on a legal theory different from that alleged in the indictment. The charge did not authorize a

conviction on a different legal theory. Proof of either "shot" or "shot at" establishes the elements of attempted murder with a firearm. *See* TEX.PENAL CODE ANN. § 15.01 (Vernon 1994); *see also Flanagan v. State,* 675 S.W.2d 734, 744 (Tex.Crim.App.1984) (op. on reh'g) (holding that specific intent to kill is an element of attempted murder and that specific intent may be inferred from use of a deadly weapon).

Appellant's first point is overruled.

## Sufficiency of the Evidence

■ Appellant's second point challenges the legal sufficiency of the evidence and claims that mere evidence of "shooting at" the victim does not support the jury's finding that Appellant attempted to murder the victim "by shooting her." Appellant's argument is premised on the assertion that by varying the language of the charge from that of the indictment, the State created a new, enhanced burden to show that the bullet from Appellant's firearm actually hit the victim.

■ The Texas Court of Criminal Appeals recently handed down *Malik v. State,* which controls our review of this point. *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App.1997). The *Malik* court held that:

> [S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

*Id.,* at 240. Under the new authority, regardless of any difference the language of the jury charge may have made in the burden on the State, we must review the sufficiency of the evidence only to determine whether the elements of the charged offense were proved at trial.

■ The elements of a criminal attempt are: (1) a person (2) with specific intent to commit an offense (3) does an act amounting to more than mere preparation (4) that tends

but fails to effect the commission of the offense intended. *See* TEX.PENAL CODE ANN. § 15.01(a). The indictment in this case charged Appellant with attempted murder. Therefore, in light of the above definition, we will review the legal sufficiency of the evidence to see if the State met its burden of establishing that Appellant attempted to murder Mokoko by discharging a firearm and that the act amounted to more than mere preparation that tended but failed to effect a murder.

In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict. *See Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Emery v. State,* 881 S.W.2d 702, 705 (Tex.Crim.App.1994), *cert. denied,* 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995).

In establishing its case, the State elicited testimony from the victim that detailed Appellant's movements and the words he spoke before firing the gun, as well as an eyewitness account of the sights and sounds indicating that the gun had discharged. Mokoko testified that she saw sparks and heard the gun go off several times. Having reviewed the record, we find that a rational trier of fact could have concluded that Appellant was guilty of the offense of attempted murder. Point two is overruled.

### Conclusion

We affirm the trial court's judgment.