Travis **KING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–01–00515–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 11, 2002.

Chad Everett Jones, Bradley David Wyatt, Bryan, for appellants.

Craig Alan Greening, Bryan, for appellees.

Panel consists of Justices HUDSON, SEYMORE, and GUZMAN.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Travis King, was convicted by a jury of the offense of hindering apprehension and sentenced to 365 days' incarceration and a fine of $500. The imposition of sentence as to the term of confinement was suspended for a period of one year. In one point of error, appellant contends the State failed to prove (1) he had any intent to hinder the arrest of another or (2) that police were attempting to arrest such person "for an offense" as required by TEX. PEN.CODE ANN. § 38.05(a)

(Vernon 1994). For the reasons set forth hereafter, we affirm.

On January 26, 2000, Deputy Michael Welch of the Brazos County Sheriff's Office attempted to locate and arrest Brandon Michael Bennett on the authority of a warrant issued by the Texas Department of Criminal Justice for an alleged parole violation. Information provided by the Department of Criminal Justice included a description and photograph of Bennett, as well as, an address where he was believed to be living. Welch, accompanied by his partner, proceeded to the location. Shortly after their arrival, the officers went to a neighboring house, showed the tenant a photograph of Bennett, and asked if he lived next door. The neighbor confirmed for police that Bennett did, in fact, live at the suspected location.

Sending his partner to first cover the back door, Welch proceeded to knock on the front door of the residence. Welch was armed and wearing a jacket that identified him as a police officer. Because Bennett had previously assaulted a police officer and been assigned to a Violent Offenders Program, Deputy Welch drew his weapon and held it behind his back as he knocked on the front door. Appellant opened the door. Welch identified himself and asked if Brandon Bennett was in the house. Appellant informed Welch that Bennett was not there. Welch, however, glancing over appellant's shoulder, saw Bennett standing in the doorway of a backroom. Welch immediately raised his weapon, entered the house, and ordered Bennett to stand against a wall. He also ordered appellant and two women who were in the house to stand against the wall. When questioned by police, Bennett denied his identity and told police the man they were looking for was at work. Bennett was taken into custody, when police confirmed his true identity by an identify-

ing tattoo on his arm. Appellant was subsequently arrested for his part in hindering the apprehension of Bennett.

■ Appellant first contends the State failed to show he had any intent to hinder the arrest of Bennett because Deputy Welch never informed him that he was seeking to arrest Bennett. We agree with appellant's general contention that lying to the police about the whereabouts of a person does not, *ipso facto,* satisfy the elements of Section 38.05. However, nothing in the statute mandates that police have a warrant, probable cause, or any intention to actually arrest the person being harbored by the defendant. Rather, the gravamen of the offense rests on the intent of the defendant, not the intent of the police. Thus, in a hypothetical scenario, if a person conceals or harbors another with the intent to prevent his subsequent arrest, prosecution, conviction, or punishment, the elements of Section 38.05 are satisfied even if police are still engaged in the preliminary investigation of an offense and have not yet focused their suspicion on the person being concealed.

The information before us alleges that appellant, "with the intent to hinder the arrest, prosecution, and punishment of Brandon Bennett for the offense of violation of Parole did harbor and conceal Brandon Bennett." Whether the defendant possessed such an intent, must ordinarily be established by circumstantial evidence. *See Patrick v. State,* 906 S.W.2d 481, 487 (Tex.Crim.App.1995) (holding that intent may be discerned from the acts, words, and conduct of the accused); *Griffin v. State,* 908 S.W.2d 624, 627 (Tex. App.-Beaumont 1995, no pet.) (holding that intent to defraud or harm may be established by circumstantial evidence); *Caddell v. State,* 865 S.W.2d 489, 492 (Tex. App.-Tyler 1993, no pet.) (holding that because direct evidence is rarely available to prove a conspiracy, circumstantial evidence must be relied on to prove the essential elements of the crime). Here, appellant testified that when he opened the door, Deputy Welch identified himself as a police officer. He also said the officer was holding his weapon in a manner that permitted him to see it. He further testified that Welch told him he was looking for Brandon Bennett. Under these circumstances, a person could fairly deduce that Bennett's whereabouts were a matter of some urgency to police. Thus, a jury could reasonably conclude from the circumstances that appellant's intent in concealing Bennett's location was to hinder his arrest, prosecution, or punishment. Accordingly, appellant's contention is overruled.

Appellant also contends the State introduced insufficient evidence to prove that Bennett was wanted for an offense. Specifically, appellant avers that the information under which he was charged asserts only that he hindered the apprehension of Bennett for a parole violation, that a parole violation is not an offense under the penal code, and that, as the record is bereft of evidence establishing the underlying offense for which Bennett was placed on parole, he cannot be convicted of hindering apprehension.

■ Whether the information presented here alleges an offense is not before us.[1] Appellant, who prays for an acquittal,

---

1. An indictment or information which omits an element of the offense is substantively defective. *Studer v. State,* 799 S.W.2d 263, 265 (Tex.Crim.App.1990). However, even a substantively defective indictment may be sufficient to vest the trial court with jurisdiction. *Cook v. State,* 902 S.W.2d 471, 477 (Tex.Crim. App.1995). In fact, the Court of Criminal Appeals has consistently held that a charging instrument is not constitutionally void despite

does not attack the adequacy of the information nor the propriety of the court's charge; rather, he frames his contention solely as a challenge to the sufficiency of the evidence. Relying upon the authority of *Key v. State,* 800 S.W.2d 229 (Tex.App.-Tyler 1990, no pet.), appellant contends that because a parole violation does not constitute an offense, the State failed to prove up an essential element of hindering apprehension.

In *Key,* the defendant hindered the apprehension of a probationer who was being sought by police pursuant to a warrant to secure his presence at his revocation hearing. The Tyler Court of Appeals held that such an arrest does not constitute an arrest "for an offense." *Id.* at 230. Similarly, appellant contends that an arrest pursuant to a parole-violation warrant does not constitute an arrest for an "offense." Accordingly, appellant asserts the State's evidence was insufficient to sustain his conviction for hindering apprehension.

■ When assessing the sufficiency of the evidence, the critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Amos v. State,* 955 S.W.2d 468, 469 (Tex.App.-Fort Worth 1997, no pet.). Moreover, we must measure the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997).

■ An essential element of hindering apprehension is the actor's intent "to hinder the arrest, prosecution, conviction, or punishment of another for an *offense.*" Tex. Pen.Code Ann. § 38.05 (Vernon Supp. 2001) (emphasis added). Here, the State introduced evidence that police sought Bennett on the authority of parole-violation warrant. A parolee, while free of the prison walls, still remains under legal custody. *Garrett v. State,* 791 S.W.2d 137, 140 (Tex.Crim.App.1990) (quoting *United States v. Rabb,* 752 F.2d 1320, 1324 (9th Cir.1984)). Thus, a warrant for a parole violation is merely a revocation of the parolee's administrative release. In other words, when a parolee is arrested for a parole violation, he is apprehended for the same offense for which he had previously been convicted and imprisoned.

Moreover, the State offered the parole-violation warrant into evidence without objection. The warrant states, in pertinent part, that appellant "was convicted of a felony offense in the State of Texas and was sentenced to the Texas Department of Criminal Justice." While the specific offense is not specified in the warrant, the evidence is sufficient to show that police were seeking to arrest or punish Bennett for "an offense." Thus, a jury could reasonably find from the evidence presented here that the essential elements of hindering apprehension were established beyond a reasonable doubt.

For the reasons stated above, we respectfully choose not to follow the rationale of our sister court of appeals in *Key v. State.* To the extent our decision conflicts with *Key,* we trust the Court of Criminal

---

the omission of one or more elements of the offense. *See Rodriguez v. State,* 799 S.W.2d 301, 303 (Tex.Crim.App.1990) (indictment for evading arrest failed to allege defendant knew complainant was police officer who was attempting to arrest him); *Ex parte Morris,* 800 S.W.2d 225, 227 (Tex.Crim.App.1990) (forgery indictment failed to allege that writing purported to be act of another who did not authorize act); *Ex parte Gibson,* 800 S.W.2d 548, 551 (Tex.Crim.App.1990) (indictment failed to allege date of offense). Moreover, substantive defects are waived if not raised prior to trial. Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.2001); *Studer,* 799 S.W.2d at 271.

Appeals will resolve the variance by exercising its power of discretionary review.

The judgment of the trial court is affirmed.