COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-023-CR

 

 

BRIAN DOUGLAS BLACK                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction


Appellant Brian Douglas Black
appeals his conviction for hindering the apprehension of a felon.  In his sole point, appellant contends that
the evidence was legally insufficient to support his conviction.  We affirm. 

 

 








Factual
and Procedural Background


Sansom Park detectives asked
the Fort Worth Police Department to aid them in locating Stephan Mark Black
(Mark), appellant=s brother,
in connection with illegal drug activities. 
The Fort Worth Police Department later discovered that Mark also had an
outstanding arrest warrant in Ohio.  








On May 13, 2005, the police
located Mark=s car
outside of a Motel Six in Tarrant County, after tracking his Georgia license
plate.  After speaking with a security
guard at the motel, the police, utilizing Mark=s license plate number, discovered that a room had been rented by
appellant.  Because Mark was known to use
aliases, the police believed there was a possibility that the room had actually
been rented by Mark.  When the police
approached the room, appellant answered the door and identified himself.  Appellant told the police that Mark was his
brother, but he denied that Mark was with him and claimed that he had not seen
his brother in a while.  The police, who
did not have a search warrant, asked appellant if they could search the room,
and he consented.  While searching the
room, the police found Mark hiding under a bed; they also found appellant=s wife, Lois Black, hiding under the other bed. Before appellant was
arrested, he became combative and refused to comply with the officers= commands.  The officers were
forced to control appellant with physical force and the use of a taser.  After he was detained, appellant apologized
for his behavior and admitted to the police that he was aware that his brother
was in the room.  

On December 22, 2006, a jury
convicted appellant for the offense of hindering the apprehension of a
felon.  The trial court assessed
punishment at seven years= confinement.  Appellant timely filed this appeal.

Standard
of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine whether the necessary inferences are reasonable based upon
the combined and cumulative force of all the evidence when viewed in the light
most favorable to the verdict.@  Hooper v. State, 214
S.W.3d 9, 16-17 (Tex. Crim. App. 2007). 
We must presume that the fact-finder resolved any conflicting inferences
in favor of the prosecution and defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778.

The sufficiency of the
evidence should be measured by the elements of the offense as defined by the
hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Bowden v. State, 166 S.W.3d 466, 470 (Tex. App.CFort Worth 2005, pet. ref=d).  Such a charge would be one
that accurately sets out the law, is authorized by the indictment, does not
unnecessarily restrict the State=s theories of liability, and adequately describes the particular
offense for which the defendant was tried. 
Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik,
953 S.W.2d at 240.  The law as
authorized by the indictment means the statutory elements of the charged
offense as modified by the charging instrument. 
See Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

 








Applicable
Law

A person is guilty of the
offense of hindering the apprehension of a felon if it is shown that he or she
intentionally hindered the arrest, prosecution, conviction, or punishment of
another for an offense by harboring or concealing that person.  Tex.
Penal Code Ann. ' 38.05(a)(1)
(Vernon Supp. 2007).  Whether the
defendant possessed such an intent must ordinarily be established by
circumstantial evidence.  See Patrick
v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995), cert. denied, 517
U.S. 1106 (1996) (intent may be discerned from the acts, words, and conduct of
the accused); King v. State, 76 S.W.3d 659, 661 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 

Analysis








Appellant contends that by
allowing the police to search his motel room when he had a constitutional right
to deny them entry, he did not hinder the apprehension of Mark but instead
allowed the police to find him.  Because
he was certain that the police would find Mark if they searched the motel room,
appellant argues that he did not have the intent to conceal or harbor
Mark.  The record demonstrates, however,
that the jury heard testimony from Officer John Galloway and Corporal K.W.
Stack, who both testified that appellant had told police that Mark was not in
the motel room when appellant knew otherwise. Additionally, the evidence shows
that appellant claimed that he had not seen his brother in a while.  Furthermore, appellant testified that he knew
his brother was on parole, that the police had an arrest warrant for Mark, and
that he lied to the police to protect Mark. 
Appellant=s testimony
to the police that Mark was not there and that he had not seen him served to
conceal or harbor Mark, if only for a short time.  See King, 76 S.W.3d at 661 (finding
that circumstantial evidence demonstrated the defendant=s intent to hinder apprehension of parolee when defendant answered the
door to parolee=s residence
and lied to police, denying that parolee was at residence); Sanford v.
State, No. 12-04-00330-CR, 2006 WL 1119257, at *2 (Tex. App.CTyler Apr. 28, 2006, pet. ref=d) (mem. op., not designated for publication) (holding that there was
a reasonable inference of the intent to conceal when appellant lied to police
about a person being in the back seat of her car as police were clearly
searching for that person).  If appellant
had been successful in his deception and if the police had not diligently
proceeded with their search for Mark by asking for appellant=s consent to search the room, appellant would have prevented them from
locating Mark at the motel.  








Viewing the evidence in the
light most favorable to the verdict, a rational trier of fact could have found
beyond a reasonable doubt that the State established the essential elements of
hindering the apprehension of a felon by showing that appellant intended to
hinder Mark=s
apprehension by concealing him while knowing that he was wanted by the police
for committing an offense.  See Tex. Penal Code Ann. ' 38.05(a)(1); see also Jackson, 443 U.S. at 319, 99 S. Ct. at
2789.  Therefore, we overrule appellant=s sole point.

Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

 

PANEL F:    LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT,
J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 24, 2008











[1]See Tex. R. App. P. 47.4.