

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-023-CR

BRIAN DOUGLAS BLACK                                          APPELLANT

V.

THE STATE OF TEXAS                                               STATE

-----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

### INTRODUCTION

Appellant Brian Douglas Black appeals his conviction for hindering the apprehension of a felon. In his sole point, appellant contends that the evidence was legally insufficient to support his conviction. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## FACTUAL AND PROCEDURAL BACKGROUND

Sansom Park detectives asked the Fort Worth Police Department to aid them in locating Stephan Mark Black (Mark), appellant's brother, in connection with illegal drug activities. The Fort Worth Police Department later discovered that Mark also had an outstanding arrest warrant in Ohio.

On May 13, 2005, the police located Mark's car outside of a Motel Six in Tarrant County, after tracking his Georgia license plate. After speaking with a security guard at the motel, the police, utilizing Mark's license plate number, discovered that a room had been rented by appellant. Because Mark was known to use aliases, the police believed there was a possibility that the room had actually been rented by Mark. When the police approached the room, appellant answered the door and identified himself. Appellant told the police that Mark was his brother, but he denied that Mark was with him and claimed that he had not seen his brother in a while. The police, who did not have a search warrant, asked appellant if they could search the room, and he consented. While searching the room, the police found Mark hiding under a bed; they also found appellant's wife, Lois Black, hiding under the other bed. Before appellant was arrested, he became combative and refused to comply with the officers' commands. The officers were forced to control appellant with physical force and the use of a taser. After he was detained, appellant

2

apologized for his behavior and admitted to the police that he was aware that his brother was in the room.

On December 22, 2006, a jury convicted appellant for the offense of hindering the apprehension of a felon. The trial court assessed punishment at seven years' confinement. Appellant timely filed this appeal.

### STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute

our judgment for that of the fact-finder.  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000).  Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."  *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).  We must presume that the fact-finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Bowden v. State*, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref'd).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik,* 953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

4

## APPLICABLE LAW

A person is guilty of the offense of hindering the apprehension of a felon if it is shown that he or she intentionally hindered the arrest, prosecution, conviction, or punishment of another for an offense by harboring or concealing that person. TEX. PENAL CODE ANN. § 38.05(a)(1) (Vernon Supp. 2007). Whether the defendant possessed such an intent must ordinarily be established by circumstantial evidence. *See Patrick v. State,* 906 S.W.2d 481, 487 (Tex. Crim. App. 1995), *cert. denied,* 517 U.S. 1106 (1996) (intent may be discerned from the acts, words, and conduct of the accused); *King v. State,* 76 S.W.3d 659, 661 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

## ANALYSIS

Appellant contends that by allowing the police to search his motel room when he had a constitutional right to deny them entry, he did not hinder the apprehension of Mark but instead allowed the police to find him. Because he was certain that the police would find Mark if they searched the motel room, appellant argues that he did not have the intent to conceal or harbor Mark. The record demonstrates, however, that the jury heard testimony from Officer John Galloway and Corporal K.W. Stack, who both testified that appellant had told police that Mark was not in the motel room when appellant knew otherwise. Additionally, the evidence shows that appellant claimed that he had not seen

5

his brother in a while. Furthermore, appellant testified that he knew his brother was on parole, that the police had an arrest warrant for Mark, and that he lied to the police to protect Mark. Appellant's testimony to the police that Mark was not there and that he had not seen him served to conceal or harbor Mark, if only for a short time. *See King,* 76 S.W.3d at 661 (finding that circumstantial evidence demonstrated the defendant's intent to hinder apprehension of parolee when defendant answered the door to parolee's residence and lied to police, denying that parolee was at residence); *Sanford v. State,* No. 12-04-00330-CR, 2006 WL 1119257, at *2 (Tex. App.—Tyler Apr. 28, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that there was a reasonable inference of the intent to conceal when appellant lied to police about a person being in the back seat of her car as police were clearly searching for that person). If appellant had been successful in his deception and if the police had not diligently proceeded with their search for Mark by asking for appellant's consent to search the room, appellant would have prevented them from locating Mark at the motel.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that the State established the essential elements of hindering the apprehension of a felon by showing that appellant intended to hinder Mark's apprehension by concealing

6

him while knowing that he was wanted by the police for committing an offense. *See* TEX. PENAL CODE ANN. § 38.05(a)(1); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.  Therefore, we overrule appellant's sole point.

## CONCLUSION

Having overruled appellant's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL F:    LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  April 24, 2008

7