Opinion filed October 13,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00344-CR

                                                    __________

 

                               SANTIAGO
JIMMY RUIZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                      Trial
Court Cause No. 13887

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This
is an appeal from a conviction after a jury trial for the offense of hindering
apprehension of a felon.  Tex. Penal
Code Ann. § 38.05(a) (Vernon 2011).  The jury assessed a sentence of sixty
years in the Institutional Division of the Texas Department of Criminal
Justice.  We affirm.

            In
one point of error, Appellant challenges the sufficiency of the evidence to
support the conviction.[1]  We will review
the sufficiency of the evidence under the currently applicable legal
sufficiency standard of review.  See Brooks v. State, 323 S.W.3d
893, 912 (Tex. Crim. App. 2010).  

            The
standard of review for an appellate court in evaluating the legal sufficiency of
the evidence is to view all of the evidence in a light most favorable to the
verdict and to determine whether any rational finder of fact could have found
the existence of the elements of the offense.  Jackson v. Virginia, 443
U.S. 307, 319 (Tex. Crim. App. 1979).  The appellate court’s duty is not to sit
as a thirteenth juror reweighing the evidence or deciding whether it believes
the evidence established the elements in question beyond a reasonable doubt.  Blankenship
v. State, 780 S.W.2d 198, 206-07 (Tex. Crim. App. 1988).  The sufficiency
test must be applied to the application paragraph in a hypothetically correct
jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

            Pamela
Marie Winters was on parole for the felony offense of conspiracy to commit
murder.  She had failed to comply with the terms of her parole supervision, and
a warrant for her arrest, known as a blue warrant, was issued.  

             Darby
Thomas, an officer with the Mineral Wells Police Department, was on duty and
received a report to watch for a dark-colored Ford Mustang that had been reported
stolen.  Officer Thomas saw the vehicle and gave pursuit.  The Mustang then
started to drive extremely fast, ignoring the traffic laws.  Officer Thomas
pursued the Mustang throughout town, at times reaching 100 miles per hour.  

            At
one point during the chase, Officer Thomas saw the passenger door open and
observed a “heavier set, white female” jump out of the Mustang as it was going
about 40 miles per hour.  The pursuit continued in a residential neighborhood
and throughout the city.  The driver of the Mustang even struck a parked car
but continued to drive.  As the chase continued, it appeared at a certain point
that the driver was attempting to exit the Mustang as it was moving, but did not.  
Eventually, the Mustang went through another intersection at a high rate of
speed and collided with a deputy sheriff’s vehicle.

            After
the collision, the driver exited the Mustang and began to run.  Officer Thomas
began chasing the driver on foot, eventually catching him on a fence and
arresting him.  Appellant was the driver of the Mustang.

            Gary
Morris, a deputy with the Palo Pinto County Sheriff’s Office, was also involved
in the chase and apprehension of Appellant.  Deputy Morris knew Appellant and
his girlfriend, Pamela Winters, and began an investigation to determine the
identity of the person who exited the car while it was moving.  Deputy Morris
determined that Winters was wanted for a parole violation and received
information as to where she might be.  When Deputy Morris found Winters the
morning after the car chase, she, at first, refused to give her correct name.  Her
legs were “scratched up pretty severely,” and she looked as if she had taken “a
hard tumble.”   

            Appellant
gave testimony in a previous hearing that was admitted in his trial without
objection.  In that testimony, Appellant admitted that the person in the car
with him was his girlfriend.  He also admitted that the reason he “ran away”
that night was to prevent his girlfriend from being arrested because he knew
there were warrants out for her arrest.

            The
indictment in this case alleged that Appellant, “with the intent to hinder the
arrest, prosecution, conviction, or punishment of Pamela Marie Winters for the
offense of violation of parole,” provided or aided in providing Winters with a
means of avoiding arrest by intentionally fleeing from a peace officer while
Winters was a passenger in the vehicle.  Appellant contends that, because there
is no felony offense called “violation of parole,” the State did not prove that
he was guilty of any offense and, thus, the evidence is insufficient.[2] 


            The
Fourteenth Court of Appeals confronted this issue in King v. State, 76
S.W.3d 659 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  In that case, the
defendant was charged by information with harboring and concealing Brandon
Bennett “with the intent to hinder the arrest, prosecution and punishment of
Brandon Bennett for the offense of violation of [p]arole.”  Id. at 661. 
The court held that the evidence was sufficient to support the jury’s verdict
of guilty because the evidence showed that Bennett was on parole and because a
parolee, while outside of prison walls, is still under legal custody for the
same offense under which he had been convicted and imprisoned.  Id. at
662.  Thus, when a parolee is arrested and apprehended for a parole violation,
it is for the same offense for which he was originally convicted and
imprisoned.  Id.  

            Similarly,
in this case, the evidence shows that Winters was on parole for the felony
offense of conspiracy to commit murder.  See Tex. Penal Code Ann. § 15.02 (Vernon 2011).  As noted above,
the record also shows that Appellant knew there was a warrant for Winters’s
arrest and that he took the actions he did to prevent her from being arrested. 
Thus, the evidence is sufficient to show that Appellant was hindering the
apprehension of a felon.  Appellant’s sole point of error is overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                    ERIC
KALENAK

                                                                                    JUSTICE

 

October
13, 2011

Do not
publish.  See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.

 

 

 









                [1]In his point of
error, Appellant complains of the trial court’s failure to grant his motion for
instructed verdict.  A challenge to a trial court’s motion for instructed
verdict is in reality a challenge to the sufficiency of the evidence to support
the conviction.  Nevarez v. State, 847 S.W.2d 637, 642 (Tex. App.—El
Paso 1993, pet. ref'd).  

 





                [2]Appellant also
contends that the indictment is “fundamentally defective” because it omits an
essential element of the offense.  We note that, even a substantively defective
indictment can vest a trial court with jurisdiction.  King v. State, 76
S.W.3d 659, 661 n.1 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The
indictment in this case is not fundamentally defective; the State did not have
to specify in the indictment the felony for which Winters was arrested, charged
with, or convicted of.  See State v. Zoch, 846 S.W.2d 588, 588-89 (Tex.
App.—Houston [14th Dist.] 1993, no pet.).