**Opinion filed October 13, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00344-CR

_____

## SANTIAGO JIMMY RUIZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13887**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a conviction after a jury trial for the offense of hindering apprehension of a felon. TEX. PENAL CODE ANN. § 38.05(a) (Vernon 2011). The jury assessed a sentence of sixty years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In one point of error, Appellant challenges the sufficiency of the evidence to support the conviction.[1] We will review the sufficiency of the evidence under the currently applicable legal sufficiency standard of review. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

The standard of review for an appellate court in evaluating the legal sufficiency of the evidence is to view all of the evidence in a light most favorable to the verdict and to determine whether any rational finder of fact could have found the existence of the elements of the offense. *Jackson v. Virginia*, 443 U.S. 307, 319 (Tex. Crim. App. 1979). The appellate court's duty is not to sit as a thirteenth juror reweighing the evidence or deciding whether it believes the evidence established the elements in question beyond a reasonable doubt. *Blankenship v. State*, 780 S.W.2d 198, 206-07 (Tex. Crim. App. 1988). The sufficiency test must be applied to the application paragraph in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Pamela Marie Winters was on parole for the felony offense of conspiracy to commit murder. She had failed to comply with the terms of her parole supervision, and a warrant for her arrest, known as a blue warrant, was issued.

Darby Thomas, an officer with the Mineral Wells Police Department, was on duty and received a report to watch for a dark-colored Ford Mustang that had been reported stolen. Officer Thomas saw the vehicle and gave pursuit. The Mustang then started to drive extremely fast, ignoring the traffic laws. Officer Thomas pursued the Mustang throughout town, at times reaching 100 miles per hour.

At one point during the chase, Officer Thomas saw the passenger door open and observed a "heavier set, white female" jump out of the Mustang as it was going about 40 miles per hour. The pursuit continued in a residential neighborhood and throughout the city. The driver of the Mustang even struck a parked car but continued to drive. As the chase continued, it appeared at a certain point that the driver was attempting to exit the Mustang as it was moving, but did not.

---

[1] In his point of error, Appellant complains of the trial court's failure to grant his motion for instructed verdict. A challenge to a trial court's motion for instructed verdict is in reality a challenge to the sufficiency of the evidence to support the conviction. *Nevarez v. State*, 847 S.W.2d 637, 642 (Tex. App.—El Paso 1993, pet. ref'd).

Eventually, the Mustang went through another intersection at a high rate of speed and collided with a deputy sheriff's vehicle.

After the collision, the driver exited the Mustang and began to run. Officer Thomas began chasing the driver on foot, eventually catching him on a fence and arresting him. Appellant was the driver of the Mustang.

Gary Morris, a deputy with the Palo Pinto County Sheriff's Office, was also involved in the chase and apprehension of Appellant. Deputy Morris knew Appellant and his girlfriend, Pamela Winters, and began an investigation to determine the identity of the person who exited the car while it was moving. Deputy Morris determined that Winters was wanted for a parole violation and received information as to where she might be. When Deputy Morris found Winters the morning after the car chase, she, at first, refused to give her correct name. Her legs were "scratched up pretty severely," and she looked as if she had taken "a hard tumble."

Appellant gave testimony in a previous hearing that was admitted in his trial without objection. In that testimony, Appellant admitted that the person in the car with him was his girlfriend. He also admitted that the reason he "ran away" that night was to prevent his girlfriend from being arrested because he knew there were warrants out for her arrest.

The indictment in this case alleged that Appellant, "with the intent to hinder the arrest, prosecution, conviction, or punishment of Pamela Marie Winters for the offense of violation of parole," provided or aided in providing Winters with a means of avoiding arrest by intentionally fleeing from a peace officer while Winters was a passenger in the vehicle. Appellant contends that, because there is no felony offense called "violation of parole," the State did not prove that he was guilty of any offense and, thus, the evidence is insufficient.[2]

The Fourteenth Court of Appeals confronted this issue in *King v. State*, 76 S.W.3d 659 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In that case, the defendant was charged by information with harboring and concealing Brandon Bennett "with the intent to hinder the arrest, prosecution and punishment of Brandon Bennett for the offense of violation of [p]arole." *Id.* at 661. The court held that the evidence was sufficient to support the jury's verdict of guilty

---

[2]Appellant also contends that the indictment is "fundamentally defective" because it omits an essential element of the offense. We note that, even a substantively defective indictment can vest a trial court with jurisdiction. *King v. State*, 76 S.W.3d 659, 661 n.1 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The indictment in this case is not fundamentally defective; the State did not have to specify in the indictment the felony for which Winters was arrested, charged with, or convicted of. *See State v. Zoch*, 846 S.W.2d 588, 588-89 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

because the evidence showed that Bennett was on parole and because a parolee, while outside of prison walls, is still under legal custody for the same offense under which he had been convicted and imprisoned. *Id.* at 662. Thus, when a parolee is arrested and apprehended for a parole violation, it is for the same offense for which he was originally convicted and imprisoned. *Id.*

Similarly, in this case, the evidence shows that Winters was on parole for the felony offense of conspiracy to commit murder. *See* TEX. PENAL CODE ANN. § 15.02 (Vernon 2011). As noted above, the record also shows that Appellant knew there was a warrant for Winters's arrest and that he took the actions he did to prevent her from being arrested. Thus, the evidence is sufficient to show that Appellant was hindering the apprehension of a felon. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.


ERIC KALENAK
JUSTICE


October 13, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.