**AFFIRM; and Opinion Filed June 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01377-CR

### ASHLEY RENEE ELLIOTT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2012-2-1856**

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Myers and Campbell[1]
Opinion by Justice Campbell

On September 26, 2013, a jury convicted Ashley Renee Elliott of hindering apprehension

or prosecution. *See* TEX. PENAL CODE ANN. § 38.05(a) (West 2011). Punishment was assessed

at 365 days in jail, probated for a period of twenty-four months. In a single issue, appellant

claims the evidence was legally and factually insufficient to support her conviction. The State

has filed a brief contending the evidence was legally sufficient.[2] We agree with the State and

affirm the conviction.

### FACTS

Viewed in the light most favorable to the judgment, the record shows Officers Vines and

Melson were dispatched to a residence to serve an arrest warrant on Kenya West. Melson made

---

[1] The Honorable Charles F. Campbell, Senior Appellate Judge, Texas Court of Criminal Appeals, sitting by assignment.

[2] We no longer review criminal cases for factual sufficiency. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

contact with the owner of the residence, Cecil Crockett. Crockett told Melson that West had been at the house the night before, but he was unsure if West was still there. Crockett referred Melson to appellant, Crockett's granddaughter. Appellant informed Melson that West had left. Melson, with Crockett's permission, searched the interior of the house, while Vines went to the rear of the residence.

In his search of the interior, Melson encountered a man, who when asked where West was, directed Melson to a door in the southeast corner of the room. Appellant then said she had to leave to check on her grandmother. Melson tried to enter through the door but it was locked. Melson was able to look through a window at the top of the door. He observed a mattress and a black and white dog inside the room. A few minutes later, Vines observed appellant exit a side door of the house and check to make sure the side door was locked behind her. The side door led into the same room Melson was trying to enter.

As Crockett searched for the key to the room, appellant returned through the front door and told Melson she had entered the room to put up her dog. Appellant would not tell Melson how she entered the locked room, and she denied knowing that anyone else was in the room. When Crockett found the key to the room, Melson entered the room and found West under a blanket on a mattress underneath an open window. Appellant was arrested pursuant to the warrant and appellant was charged with the current offense.

### STANDARD OF REVIEW

To determine whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt, we apply the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under *Jackson*, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

–2–

the essential elements of the crime beyond a reasonable doubt. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). It is the factfinder's duty to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. A reviewing court is required to defer to the factfinder's credibility and weight determinations. *Jackson*, 443 U.S. at 319. When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in the prosecution's favor and defer to that determination. *Sorrells*, 343 S.W.3d at 155. Direct and circumstantial evidence are treated equally and viewed with the same measuring component, in a light most favorable to the judgment, and with deference to the factfinder. *Id*.

## ANALYSIS

Appellant contends she did not intentionally commit any act that constituted harboring West or preventing his apprehension. She points out that Melson quickly and easily found and arrested West once Crockett found the key to the room where West was hiding under a blanket. The State responds that ample evidence existed to show beyond a reasonable doubt that appellant by both actions and words hindered the apprehension of West. We agree with the State.

The evidence shows that after appellant told the officers West had left the premises, West was found hiding under a blanket in a room appellant had just exited. A reasonable inference can be drawn from the evidence that appellant never went to check on her grandmother, but rather went to West and warned him that the police were present and searching for him. Furthermore, it is a reasonable inference from the evidence that when appellant told the police that West had already left the premises, she intended to conceal West and did for some period of time accomplish that goal. While lying to the police about the whereabouts of a person does not *ipso facto* satisfy the elements of section 38.05, the gravamen of the offense rests on the intent of

the defendant. *See King v. State*, 76 S.W.3d 659, 661 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Viewed in the light most favorable to the judgment in this case, the State proved all the essential elements of the offense beyond a reasonable doubt. The words and deeds of appellant suffice to show she intended to harbor or conceal West from arrest and prosecution. *See Sorrells*, 343 S.W.3d at 155; *see also King*, 76 S.W.3d at 660–61 (concluding defendant hindered apprehension of parolee by lying to police officer who was at defendant's door with gun drawn inquiring whether parolee was present in defendant's house). Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

/Charles F. Campbell/
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

131377F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ASHLEY RENEE ELLIOTT, Appellant

No. 05-13-01377-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Grayson County, Texas
Trial Court Cause No. 2012-2-1856.
Opinion delivered by Justice Campbell.
Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 24th day of June, 2014.


/Charles F. Campbell/

CHARLES F. CAMPBELL
JUSTICE, ASSIGNED