

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00253-CR

**IRENE RODRIGUEZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court
Navarro County, Texas
Trial Court No. D38033-CR**

## OPINION

In four issues, appellant, Irene Rodriguez, challenges her conviction for hindering

apprehension or prosecution. *See* TEX. PENAL CODE ANN. § 38.05(d). We affirm.

### I.    ARTICLE 39.14 OF THE CODE OF CRIMINAL PROCEDURE

In her first issue, appellant contends that the State violated article 39.14(a) of the

Code of Criminal Procedure by withholding evidence of an outstanding warrant for

Larry Lopez, which had a material effect on her trial strategy and thereby deprived her of due process. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a).

In the instant case, appellant was charged by indictment with hindering the arrest, prosecution, conviction, or punishment of Lopez for the offense of failure to register as a sex offender by repeatedly telling police that Lopez had previously left for work when he was hiding at the residence where he and appellant were residing. Among the witnesses called by the State at trial was Jason Earles, a Detective Sergeant with the Navarro County Sheriff's Office. Detective Sergeant Earles received a tip about the whereabouts of Lopez and went to appellant's residence to inquire about Lopez's location. During Detective Sergeant Earles's testimony, the State referenced a copy of the warrant issued for Lopez's arrest. Appellant objected under article 39.14 of the Code of Criminal Procedure that the warrant had not been disclosed prior to trial. *See id.* The State responded that, among other things, it did not possess the warrant until the morning of Detective Sergeant Earles's testimony; that the warrant was obtained from the District Clerk, who is not under contract with the State; and that the warrant was disclosed to appellant the same morning. After additional arguments were made, the trial court overruled appellant's objection and admitted the Lopez arrest warrant into evidence. However, the trial court did grant appellant a running objection to the exhibit.

Under article 39.14(a),

[A]s soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and electronic

duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or of a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. . . .

TEX. CODE CRIM. PROC. ANN. art. 39.14(a).

Notwithstanding the fact that the record reflects that the State received a certified copy of Lopez's arrest warrant on the first day of trial and provided defense counsel a copy of the arrest warrant on the same day, *see id.*, we note that appellant complains that she was prejudiced by the "untimely" disclosure of Lopez's arrest warrant because it affected counsel's case assessment and strategy. However, the record reflects that appellant did not request a continuance in response to the State's proffer of the Lopez arrest warrant. In other words, appellant had the opportunity to avoid the prejudice and impairment but chose not to. Therefore, we hold that appellant has waived her article 39.14(a) complaint in this issue. *See Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) ("The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise."); *Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.—Fort Worth 2005, no pet.); *see also Byrd v. State*, No. 02-15-00288-CR, 2017 Tex. App. LEXIS 1773, at **12-13 (Tex. App.—Fort Worth Mar. 2, 2017, no pet.) (mem. op., not designated for publication) (concluding that appellant waived his complaint under article

39.14(a) by failing to request a continuance). Accordingly, we overrule appellant's first issue.

## II.    SUFFICIENCY OF THE EVIDENCE

In her second issue, appellant contends that there is not sufficient evidence to support her conviction. In her third issue, appellant complains that the trial court erred by denying her motion for a directed verdict. Because a motion for a directed verdict is the same as a challenge to the legal sufficiency of the evidence, *see Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996), we consider appellant's second and third issues together.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App.

2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

To show that the evidence presented was legally sufficient to support a conviction for felony hindering apprehension, the State must prove that appellant, with intent to hinder arrest, harbors or conceals a person charged with a felony. *See* TEX. PENAL CODE ANN. § 38.05(a), (d); *see also Sanford v. State*, No. 12-04-00330-CR, 2006 Tex. App. LEXIS 3554, at **4-5 (Tex. App.—Tyler Apr. 28, 2006, pet. ref'd) (mem. op., not designated for publication). Whether appellant possessed such an intent must ordinarily be established by circumstantial evidence. *See King v. State*, 76 S.W.3d 659, 661 (Tex. App.—Houston

[14th Dist.] 2002, no pet.); *see also Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (noting that intent may be inferred from the acts, words, and conduct of the accused). While lying to the police about the whereabouts of a person does not *ipso facto* satisfy the elements of section 38.05, the gravamen of the offense rests on the intent of the defendant. *See King*, 76 S.W.3d at 661.

As stated above, Detective Sergeant Earles testified that he received an anonymous tip that Lopez was staying at a residence in Navarro County, so he and other deputies went to the residence to execute an arrest warrant. Upon arriving, he made contact with the owner of the residence whose name he could not remember. The homeowner gave consent to search the house, so the deputies entered the house and proceeded upstairs. Detective Sergeant Earles knocked on the door of one of the upstairs bedrooms. He heard "[l]ots of noise, lots of moving around." Detective Sergeant Earles announced that they were looking for Lopez. Approximately eight minutes later, appellant opened the door. Detective Sergeant Earles stated that he had a felony arrest warrant for Lopez for failure to register as a sex offender. Appellant responded that "he wasn't there. He left for work early that morning." When asked if the deputies could enter the room to take a look, appellant consented. The deputies did not find Lopez at this time.

The deputies then requested that appellant come downstairs, and she complied. While speaking with appellant and the homeowner, Detective Sergeant Earles received information that Lopez's voice had just been heard before the deputies arrived and that

he was upstairs. When asked again about Lopez's whereabouts, appellant reiterated that "he had left for work that morning and he wasn't there." Detective Sergeant Earles warned appellant that concealing Lopez's location was an offense. Appellant maintained her story that Lopez had left that morning. Thereafter, the deputies went upstairs with appellant. Appellant gave consent to search the room again, and Lopez was found "[h]iding under a, it looked like a twin bed up against the wall in the corner with some, I believe, he had some stuff pulled up against him." After Lopez was discovered, Detective Sergeant Earles looked at appellant, and she "turned around and put her hands behind her back." Deputies arrested both appellant and Lopez.

Viewing the evidence in the light most favorable to the jury's verdict, the evidence permitted the jury, as factfinder, reasonably to infer that appellant's repeated lies about Lopez's location to law enforcement after being informed about Lopez's arrest warrant was intended to conceal Lopez's location, if only for a matter of seconds, so as to hinder his arrest. *See King*, 76 S.W.3d at 660-61 (concluding that circumstantial evidence demonstrated the defendant's intent to hinder apprehension of a parolee when the defendant answered the door to the parolee's residence and lied to police, denying that the parolee was at the residence); *Rotenberry v. State*, 245 S.W.3d 583, 588 (Tex. App.—Fort Worth 2007, pet. ref'd) ("Lying about the presence of a fugitive will 'obstruct or delay' the apprehension of the fugitive; thus, in the context of section 38.05, lying to police could constitute 'concealing.'"); *see also Black v. State*, No. 2-07-023-CR, 2008 Tex. App.

LEXIS 3089, at \*\*5-7 (Tex. App.—Fort Worth Apr. 24, 2008, no pet.) (per curiam) (mem. op., not designated for publication) (concluding that, when combined with appellant's knowledge that his brother was on parole and that the police had an arrest warrant for his brother, appellant's lie to police that his parolee brother was not at a motel room when, in fact, he was present in the motel room, was sufficient to establish appellant's intent to conceal or harbor his brother, if only for a short time); *Sanford*, 2006 Tex. App. LEXIS 3554, at \*\*6-7 (holding that there was a reasonable inference of the intent to conceal when appellant lied to police about a person being in the back seat of her car as police were clearly searching for that person).  As such, we conclude that appellant's conviction for felony hindering apprehension or prosecution is supported by sufficient evidence. *See* TEX. PENAL CODE ANN. § 38.05(a), (d); *see also Zuniga*, 551 S.W.3d at 732-33.  We overrule appellant's second and third issues.

### III.   ADMISSION OF ALLEGED HEARSAY EVIDENCE

In her fourth issue, appellant argues that the trial court abused its discretion by admitting hearsay evidence from Detective Sergeant Earles.  We disagree.

Specifically, on appeal, appellant complains about testimony from Detective Sergeant Earles regarding statements made by a juvenile that she heard Lopez's voice just before Detective Sergeant Earles arrived and that Lopez was upstairs.  However, on cross-examination, appellant elicited testimony from Detective Sergeant Earles that

another person, the unnamed homeowner, indicated that Lopez was upstairs without objection.

"'An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.'" *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)); *see also Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection."). Because the same or similar allegedly hearsay testimony was admitted elsewhere, without objection, any error in admitting Detective Sergeant Earles's testimony regarding statements made by the juvenile was cured. *See Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509; *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting that any error was harmless when "very similar" evidence was admitted without objection). Accordingly, we overrule appellant's fourth issue.

## IV. CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
         Justice Neill,
         and Justice Johnson
*(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed May 20, 2021
Publish
[CR25]

